# EXHIBIT A

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

Case No. BC281764

Dept. 74
Teresa Sanchez-Gordon, Presiding

*JOE BERTHIAUME, an individual, dba CARPETS AND SUCH; KENNETH W. CRAWFORD,*
*an individual, dba DICK'S CARPET OUTLET; and TUTTLE'S, INC., a corporation*
Plaintiffs,

vs.

*SHAW INDUSTRIES, INC., a corporation; DOES 1-50,*
Defendants.

### NOTICE OF (1) SETTLEMENT OF CLASS ACTION ON BEHALF OF SHAW INDUSTRIES, INC.'S CALIFORNIA DEALERS; (2) YOUR RIGHTS; (3) DATE OF FINAL APPROVAL HEARING

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU THAT THERE IS NOW PENDING IN THIS COURT A CLASS ACTION ON BEHALF OF CERTAIN SHAW DEALERS WHO PERFORMED WORK IN CONNECTION WITH FLOOR COVERING PRODUCTS UNDER WARRANTY BY SHAW INDUSTRIES, INC. ("SHAW").

ON MAY 26, 2004, THIS COURT GAVE PRELIMINARY APPROVAL TO A SETTLEMENT OF THE CLASS ACTION. THE PURPOSE OF THIS NOTICE IS TO DESCRIBE THE SETTLEMENT TO YOU. YOU SHOULD READ THIS NOTICE TO DETERMINE WHETHER YOU WISH TO PARTICIPATE IN THE CLASS ACTION SETTLEMENT.

**PLEASE READ THIS NOTICE CAREFULLY. IT ADVISES YOU OF YOUR RIGHTS AND WHAT YOU MAY DO TO PROTECT THEM. SHAW'S RECORDS SHOW THAT YOU WERE A SHAW DEALER BETWEEN SEPTEMBER 19, 1998 AND THE DATE OF THIS NOTICE. AS SUCH, YOU MAY BE ENTITLED TO CERTAIN COMPENSATION, BUT YOU MUST FOLLOW THE SPECIFIED PROCEDURES TO BE COMPENSATED.**

**THE FACT THAT THE COURT HAS ORDERED NOTICE OF THE PROPOSED SETTLEMENT OF THIS ACTION DOES NOT MEAN THAT THE COURT ALREADY HAS DECIDED WHETHER TO APPROVE THIS SETTLEMENT. IN ADDITION, THE COURT HAS NOT AT THIS TIME CERTIFIED A CLASS. THE COURT HAS TENTATIVELY APPROVED THE SETTLEMENT AND HAS ORDERED THAT NOTICE BE GIVEN TO YOU.**

#### Summary of Case and Settlement

This notice concerns a lawsuit filed by Joe Berthiaume, d/b/a Carpets and Such, Kenneth W. Crawford, d/b/a Dick's Carpet Outlet, and Tuttle's, Inc. (collectively, "Plaintiffs"), all of whom reside in the State of California. Plaintiffs have brought this lawsuit on behalf of California retail carpet dealers against Shaw, alleging that Shaw has not properly compensated its dealers for activities undertaken in connection with the service, repair and replacement of floor covering products covered by warranty (hereinafter, the "Warranty Activities") performed during the period September 19, 1998 to the date of this Notice. Plaintiffs' complaint alleges violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), which requires the following payments by a manufacturer:

(a)  In the event of replacement, in an amount equal to the actual cost to the retail seller of the replaced goods, and cost of transporting the goods, if such costs are incurred plus a reasonable handling charge.

(b)  In the event of service and repair, in an amount equal to that which would be received by the retail seller for like service rendered to retail customers who are not entitled to warranty protection, including actual and reasonable costs of the service and repair and the cost of transporting the goods, if such costs are incurred, plus a reasonable profit.

(c)  In the event of reimbursement under subdivision (a) of Section 1793.3, in an amount equal to that reimbursed to the buyer, plus a reasonable handling charge.

The Plaintiffs' complaint also includes claims for breach of contract pursuant to the California Uniform Commercial Code, unfair competition, and quantum meruit/unjust enrichment. Shaw has denied and continues to deny that it violated the law, and Shaw contends that it has properly handled warranty claims by its retail dealers and paid all amounts required by law.

To avoid the risks and uncertainties of litigation, the parties have entered into a settlement. The Honorable Teresa Sanchez Gordon has tentatively approved the settlement as fair and reasonable and has ordered that this Notice be sent to you to advise you of the settlement and your rights.

## Terms of the Settlement

The parties have agreed that for purposes of settlement only, a class should be provisionally certified consisting of all dealers in the State of California who sold residential, commercial, or wholesale floor covering products manufactured or distributed by Shaw which are subject to express or implied warranties to persons, businesses or other entities within the State of California at any time from September 19, 1998 to June 16, 2004. At this time, no class has been certified. Shaw has reserved the right to object to class certification in the event that the settlement is not finally approved.

The settlement provides that Shaw will ensure that Shaw employees are aware of and remain in full compliance with the Song-Beverly Act, and other relevant law for purposes of California warranty claims submitted to Shaw. Shaw is committed to complying with the law in all respects in the handling of California warranty claims. The proposed settlement however does not preclude Shaw from changing its policies or negotiating separate agreements with its retail dealers including those in the settlement class to govern its business relationships so long as Shaw complies with any applicable state or federal laws, including the Song-Beverly Consumer Warranty Act.

With respect to past claims, the settlement provides that you may submit and/or resubmit any claim for compensation and reimbursement of costs for any Warranty Activities that was first submitted or could have been submitted between September 18, 1998 and June 16, 2004 (hereinafter, claims so submitted or resubmitted are referred to as "Warranty Claims"). Dealers wishing to submit Warranty Claims to Shaw must do so **within sixty (60) days of the date of notice of final settlement.** Warranty Claims that are not submitted in a timely manner will not be considered. All submitted Warranty Claims must be accompanied by reasonable documentation supporting the claim, as described by Shaw's guidelines, copies of which may be obtained from Shaw upon request. If the proposed settlement is approved, Shaw will review all submitted or resubmitted Warranty Claims in the same manner as it administers other claims, and if after review, it finds a claim to be reasonable in light of the supporting documentation, and applicable warranty coverage, Shaw will compensate the dealer accordingly.

In the event that Shaw rejects a Warranty Claim in whole or in part, the claimant may take the matter to arbitration. Dealers who wish to arbitrate a partially or wholly rejected Warranty Claim must file a written demand within fifteen (15) days of notification by Shaw that all or a part of the claim has been denied. If no demand for arbitration is filed during that time, the right to arbitrate is waived and Shaw will pay out any amount that it has agreed should be paid. The settlement contemplates a binding arbitration proceeding by a retired judge affiliated with a neutral organization who will make the decision based on the written claim submitted to Shaw and Shaw's written response. It is contemplated that the time the arbitrator will spend will generally not exceed one or two hours. Shaw will pay any up front administrative fee. The arbitrator's fees will be borne by the party who does not prevail in the arbitration.

In return for these commitments by Shaw, all members in the class (including you) will release and thereby waive any claim they have or may have had against Shaw relating to the Warranty Activities from September 19, 1998 to June 16, 2004. This release specifically will include any claims which a dealer does not know or suspect to exist in his/her/its favor regarding payment of Song-Beverly Act warranty compensation at the time of executing the release, and any other claims resulting from or relating to Warranty Activities. Thus, even if you learn or discover new facts after the release becomes effective, you will be deemed to have expressly waived and released such claims if the proposed settlement is approved, with the exception of Warranty Claims that are submitted or resubmitted in a timely manner as outlined above.

In addition, Shaw has agreed to pay a certain amount to counsel for Plaintiffs for their work on behalf of the Plaintiffs and the class. Unless you have previously committed to pay fees and costs in connection with this lawsuit, however, you will not be liable for any fees and costs incurred by class counsel if this proposed settlement is approved.

## What Does Class Membership Mean?

If you remain a member of the class, then:

   a. The class representatives and the Plaintiff class counsel, including those listed on this Notice, will act as your representative and counsel for approval of the settlement with Shaw. You are not required to pay for these lawyers' services or for the costs of the lawsuit.
   b. You will be entitled to participate in the class benefit resulting from the settlement in favor of the Plaintiff class.
   c. You will be bound by the terms and conditions of the settlement and releases, as well as any judgment or dismissal entered in the lawsuit.

2

**Notice of Hearing for Final Approval**

The Court will hold a final fairness hearing on September 8, 2004, at 8:30 a.m., in Department 74 of the Superior Court located at 111 N. Hill Street, Los Angeles, California. At the hearing, you may appear in person or by counsel and be heard—to the extent allowed by the Court—in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed settlement, or any of the other matters to be considered by the Court. You may retain and consult your own attorney in connection with these matters. If you intend to object to the settlement or be heard in opposition to the settlement, you must file an objection and a written notice of your intention to appear at the hearing with the Court on or before August 9, 2004, and must serve a copy of the objection and notice upon the counsel listed below. Any member of the class who does not make and serve his, her or its written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed settlement.

**Any class member who is satisfied with the proposed settlement need not appear at the fairness hearing.**

**Your Rights**

1. _Accept the Settlement._ If you wish to accept the settlement, you need do nothing. You will receive a further notice if the Court finally approves the settlement that will advise you how you may file claims. If you do nothing, you will be bound by the settlement and any claims you have will be extinguished, with the exception of Warranty Claims timely submitted or resubmitted as described in this Notice.

2. _Object to the Settlement._ You may object to the settlement. Objections must be in writing and filed with the Court on or before August 9, 2004. If you do not file written objections in a timely manner, you will not be allowed to speak at the final hearing. Your filing of objections to the settlement will not preclude you from submitting claims pursuant to this settlement if the settlement is finally approved.

3. _Opt out of the Settlement._ You may choose not to participate in the settlement ("opt out"). If you wish to opt out, you must give notice of your desire to be excluded from the settlement in writing, postmarked on or before August 9, 2004 and sent to the settlement administrator at the following address: Shaw Warranty Services Class Action, c/o Gilardi & Co., LLC, P.O. Box 1110, Corte Madera, California, 94976-1110. If you opt out, you will not be bound by the settlement and will not be allowed to file claims within the settlement, but may pursue any claims that you have independently. Your claims are not extinguished if you opt out.

**Do not call or write to the Court or the Clerk of the Court. You may examine the court file in the Clerk's Office of the Los Angeles County Superior Court located at 111 North Hill Street, Los Angeles, California on weekdays from 8:30 a.m. to 4:30 p.m. You may contact the class counsel to discuss the case or to obtain more information. A copy of the Settlement Agreement and a copy of the Motion Seeking Approval of the Settlement may be obtained from class counsel whose name and address are set forth below. You may retain and consult your own attorney.**

| _Counsel for the Class:_ | _Counsel for Shaw Industries, Inc._ | |
|---|---|---|
| A. Clifton Hodges, Esq. | Karen Wildau, Esq. | Phillip A. Davis, Esq. |
| HODGES AND ASSOCIATES | W. Scott Sorrels, Esq. | Sheppard, Mullin, Richter & |
| 4 East Holly Street, Suite 202 | Powell, Goldstein, Frazer & Murphy LLP | Hampton |
| Pasadena, California 91103 | 191 Peachtree Street, N.E. | 333 S. Hope Street, 48th Floor |
| Telephone: (626) 564-9797 | Sixteenth Floor | Los Angeles, California 90071 |
| Facsimile: (626) 564-9111 | Atlanta, Georgia 30303 | Telephone: (213) 620-1780 |
| | Telephone: (404) 572-6600 | Facsimile: (213) 620-1398 |
| | Facsimile: (404) 572-6999 | |

Dated: June 4, 2004

_____
Honorable Teresa Sanchez-Gordon
Judge of the Los Angeles Superior Court

# EXHIBIT B

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES

Case No. BC281764

Dept. 74
Teresa Sanchez-Gordon, Presiding

*JOE BERTHIAUME, an individual, dba CARPETS AND SUCH; KENNETH W. CRAWFORD, an individual, dba DICK'S CARPET OUTLET; and TUTTLE'S, INC., a corporation*

Plaintiffs,

vs

*SHAW INDUSTRIES, INC., a corporation, DOES 1-50,*

Defendants

## NOTICE OF FINAL SETTLEMENT APPROVAL

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU THAT, ON SEPTEMBER 27, 2004, THIS COURT HAS GRANTED FINAL APPROVAL TO A SETTLEMENT OF THE CLASS ACTION ON BEHALF OF CERTAIN SHAW DEALERS WHO PERFORMED WORK IN CONNECTION WITH FLOOR COVERING PRODUCTS UNDER WARRANTY BY SHAW INDUSTRIES, INC. ("SHAW"), AND THAT JUDGMENT HAS BEEN ENTERED IN FAVOR OF SHAW ON THE MERITS.

**PLEASE READ THIS NOTICE CAREFULLY. IT ADVISES YOU OF YOUR RIGHTS UNDER THE SETTLEMENT AND WHAT YOU MAY DO TO PROTECT THEM. SHAW'S RECORDS SHOW THAT YOU WERE A SHAW DEALER BETWEEN SEPTEMBER 19, 1998 AND THE DATE OF THIS NOTICE AND THAT YOU DID NOT OPT-OUT OF OR OBJECT TO THE SETTLEMENT OF THIS ACTION. AS SUCH, YOU MAY BE ENTITLED TO CERTAIN COMPENSATION, BUT YOU MUST FOLLOW THE SPECIFIED PROCEDURES TO BE COMPENSATED.**

The settlement provides that Shaw will ensure that Shaw employees are aware of and remain in full compliance with the Song-Beverly Act, and other relevant law for purposes of California warranty claims submitted to Shaw. Shaw is committed to complying with the law in all respects in the handling of California warranty claims. The settlement however does not preclude Shaw from changing its policies or negotiating separate agreements with its retail dealers including those in the settlement class to govern its business relationships so long as Shaw complies with any applicable state or federal laws, including the Song-Beverly Consumer Warranty Act.

With respect to past claims, the settlement provides that you may submit and/or resubmit any claim for compensation and reimbursement of costs recoverable under applicable law for any Warranty Activities that was first submitted or could have been submitted between September 18, 1998 and June 16, 2004 (hereinafter, claims so submitted or resubmitted are referred to as "Warranty Claims"). Dealers wishing to submit Warranty Claims to Shaw must do so within sixty (60) days of the date of this Notice of Final Settlement. Warranty Claims that are not submitted in a timely manner will not be considered. All submitted Warranty Claims must be accompanied by reasonable documentation supporting the claim, as described by Shaw's guidelines, a copy of which is attached to this notice. Shaw will review all submitted or resubmitted Warranty Claims in the same manner as it administers other claims, and if after review, it finds a claim to be reasonable in light of the supporting documentation, and applicable warranty coverage, Shaw will compensate the dealer accordingly.

All claims should be sent to Shaw Industries, Inc., Attn: Steve Ogletree, P.O. Box 40, Dalton, Georgia 30720.

In the event that Shaw rejects a Warranty Claim in whole or in part, the claimant may take the matter to arbitration. Dealers who wish to arbitrate a partially or wholly rejected Warranty Claim must file a written demand within fifteen (15) days of notification by Shaw that all or a part of the claim has been denied. If no demand for arbitration is filed during that time, the right to arbitrate is waived and Shaw will pay out any amount that it has agreed should be paid. If a claimant chooses to pursue arbitration, the claim must be filed with ADR Services, Inc., 1900 Avenue of the Stars, Suite 250, Los Angeles, California, 90067, (310) 201-0010, with a copy to Shaw. The settlement contemplates a binding arbitration proceeding by a retired judge affiliated with ADR Services, Inc., a neutral organization, who will make the decision based on the written claim submitted to Shaw and Shaw's written response. It is contemplated that the time the

arbitrator will spend on each claim will generally not exceed one or two hours. Shaw will pay any up front administrative fee. The arbitrator's fees will be borne by the party who does not prevail in the arbitration. If the arbitrator awards an amount which exceeds Shaw's final offer, then the claimant will be the prevailing party and Shaw shall pay the arbitrator's fee. The arbitrator's fee will be approximately $250-300 per hour. If the arbitrator awards an amount equal to or less than Shaw's final offer, then Shaw will be the prevailing party and the claimant shall pay the arbitrator's fee. The arbitrator's decision and award will be binding on all parties and may be submitted to the Superior Court of the State of California for the County of Los Angeles or any other court of competent jurisdiction for entry of judgment in favor of the prevailing party if not paid within thirty (30) days of the award.

**Do not call or write to the Court or the Clerk of the Court. You may contact the class counsel to obtain more information. A copy of the Settlement Agreement may be obtained from class counsel whose name and address are set forth below.**

| _Counsel for the Class_: | _Counsel for Shaw Industries, Inc._ |
|---|---|
| A. Clifton Hodges, Esq. | Karen Wildau, Esq. |
| HODGES AND ASSOCIATES | W. Scott Sorrels, Esq. |
| 4 East Holly Street, Suite 202 | Powell, Goldstein, Frazer & Murphy LLP |
| Pasadena, California 91103 | 191 Peachtree Street, N.E. |
| Telephone: (626) 564-9797 | Sixteenth Floor |
| Facsimile: (626) 564-9111 | Atlanta, Georgia 30303 |
| | Telephone: (404) 572-6600 |
| | Facsimile: (404) 572-6999 |
| | |
| | Phillip A. Davis, Esq. |
| | Sheppard, Mullin, Richter & Hampton |
| | 333 S. Hope Street, 48th Floor |
| | Los Angeles, California 90071 |
| | Telephone: (213) 620-1780 |
| | Facsimile: (213) 620-1398 |

Dated: September 27, 2004

_____
Honorable Teresa Sanchez-Gordon
Judge of the Los Angeles Superior Court

2

# EXHIBIT C



# Track & Confirm

### Shipment Details

You entered ED35 1963 094U S

Your item was delivered at 12:32 pm on November 24, 2004 in DALTON, GA 30722. The item was signed for by R HOTT.

Here is what happened earlier:

- ARRIVAL AT PICK-UP-POINT, November 24, 2004, 9:50 am, DALTON, GA 30722
- ARRIVAL AT UNIT, November 24, 2004, 9:36 am, DALTON, GA 30720
- ENROUTE, November 24, 2004, 7:50 am, CHATTANOOGA, TN 37421
- ENROUTE, November 23, 2004, 4:07 pm, OXNARD, CA 93030
- ACCEPTANCE, November 23, 2004, 2:59 pm, OXNARD, CA 93033

**Track & Confirm**

Enter label number:



Track & Confirm FAQs

### Notification Options

▶ **Track & Confirm by email**   What Is this?

▶ **Request Proof of Delivery**   What is this?



**POSTAL INSPECTORS**
Preserving the Trust

**site map   contact us   government services**

Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use   Privacy Policy

EXPRESS
MAIL
UNITED STATES POSTAL SERVICE®

**Customer Copy**

**Post Office To Addressee**

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | | Employee Signature |
|---|---|---|---|
| Mo.    Day | | ☐ AM ☐ PM | |
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.    Day | | | |
| Delivery Date | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.    Day | | | |

**CUSTOMER USE ONLY**
PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO Zip Code
93037

Postage
$

Day of Delivery
☐ Next ☐ 2nd ☐ 2nd Del. Day

Scheduled Date of Delivery
Month    Day

Return Receipt Fee
$

Date Accepted
11  23  04
Mo.   Day   Year

Scheduled Time of Delivery
☐ Noon  ☒ 5 PM

COD Fee
$

Insurance Fee
$

Time Accepted
2:59   ☐ AM  ☐ PM

Military
☐ 2nd Day  ☐ 3rd Day

Total Postage & Fees
$

Flat Rate ☐ or Weight
2   9.2
lbs.    ozs.

Int'l Alpha Country Code

Acceptance Emp. Initials

**FROM: (PLEASE PRINT)**   PHONE ( 805 ) 486-808 9

Flooringmax, Inc
1660 S. Oxnard Blvd
Oxnard, CA 93030

**TO: (PLEASE PRINT)**   PHONE ( )

Shaw Industries
Mail Drop # 026-04
PO Box 40
Dalton, GA 30722-0040

**FOR PICKUP OR TRACKING**
Visit WWW.USPS.COM
Call 1-800-222-1811

3 0 7 2 2 +

ZIP+4 USA ADDRESSES ONLY. (DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

# REQUEST FOR ALLOWANCE/COMPENSATION
## UNDER THE CALIFORNIA SONG-BEVERLY ACT

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DATE | JOB # | SIDEMARK | CLAIM # | MATERIAL CREDIT | LABOR CREDIT | CHECK NUMBER | CHECK DATE | CHECK AMOUNT | CREDIT EXPECTED |
| 2 | 09/01/99 | R2174 | MCCAITLIN | Unknown | ✓ | | | | | $26.39 |
| 3 | 01/09/01 | R2174 | MCCAITLIN | Unknown | ✓ | | | | | $26.45 |
| 4 | 01/24/01 | R2174 | MCCAITLIN | 215568 | ✓ | | | | | $30.46 |
| 5 | 01/24/01 | R2174 | MCCAITLIN | Unknown | ✓ | | | | | $30.46 |
| 6 | 11/06/01 | R2501 | FLANNAGEN | Unknown | ✓ | | | | | $47.55 |
| 7 | 12/01/01 | R2580 | FLANAGEN | Unknown | ✓ | | | | | $48.44 |
| 8 | 02/05/99 | | STOCK | Unknown | ✓ | | | | | $60.55 |
| 9 | 02/05/99 | | STOCK | Unknown | ✓ | | | | | $68.08 |
| 10 | 09/23/03 | 14264 | HEMSLEY | 161018 | ✓ | | | | | $70.11 |
| 11 | 11/30/03 | 14718 | STIDHAM | 207603 | ✓ | | | | | $72.11 |
| 12 | 12/19/01 | 2573 | ARNO | Unknown | ✓ | | | | | $93.81 |
| 13 | 05/11/04 | C9253 | SIME | Unknown | ✓ | ✓ | | | | $105.75 |
| 14 | 06/01/01 | 6266 | LANTZ | Unknown | ✓ | | | | | $150.00 |
| 15 | 01/06/03 | R3462 | RAWNSKY | Unknown | | ✓ | | | | $161.96 |
| 16 | 07/18/02 | R2901 | FARADAD | 772566 | ✓ | | | | | $162.03 |
| 17 | 09/19/00 | T2909 | LCS CO | 214949 | ✓ | ✓ | | | | $163.33 |
| 18 | 03/20/02 | 8179 | AMODEL | 674913 | ✓ | ✓ | | | | $170.26 |
| 19 | 06/20/00 | 2447 | MOSSER | | | ✓ | | | | $182.71 |
| 20 | 12/22/00 | R2174 | MCCAITLIN | 292152 | ✓ | | | | | $187.57 |
| 21 | 11/19/01 | 7843 | FRAZIER | 495125 | ✓ | | | | | $233.46 |
| 22 | 11/08/01 | 6794 | STEVENS | Unknown | ✓ | ✓ | | | | $234.81 |
| 23 | 09/25/99 | R3507 | MINER | 186855 | ✓ | | | | | $239.33 |
| 24 | 11/29/01 | 7772 | FRAISSE | 539657 | ✓ | | | | | $248.76 |
| 25 | 10/21/01 | 7618 | MARLIN | 467591 | ✓ | | | | | $249.81 |
| 26 | 10/21/03 | 14639 | FOREST | 190956 | ✓ | | | | | $257.07 |
| 27 | 09/16/01 | 6779 | KLEPACKI | 523733 | ✓ | | | | | $272.13 |
| 28 | 08/19/01 | 6858 | MALOON | 423178 | ✓ | | | | | $274.67 |
| 29 | 07/31/01 | 6858 | MALOON | Unknown | ✓ | | | | | $274.76 |
| 30 | 09/03/01 | 6858 | MALOON | 448212 | ✓ | | | | | $283.55 |
| 31 | 08/11/99 | 543 | GALLEGOS | Unknown | ✓ | | | | | $291.11 |
| 32 | 10/28/01 | 7623 | YENGLE | 544130 | ✓ | | | | | $296.58 |
| 33 | 07/12/00 | T2494 | MUNZ | 028041 | ✓ | | | | | $299.61 |
| 34 | 03/17/02 | 8179 | AMODEL | 591818 | ✓ | | | | | $306.45 |
| 35 | 09/05/01 | 7259 | HODGLIN | Unknown | | ✓ | | | | $320.24 |
| 36 | 05/08/99 | | STOCK | Unknown | ✓ | | | | | $346.00 |
| 37 | 05/19/98 | V7156 | WILSON | Unknown | ✓ | ✓ | | | | $399.31 |
| 38 | 08/01/02 | 10376 | SNOW | Unknown | ✓ | | | | | $421.69 |
| 39 | 12/21/01 | 8759 | PENNER | Unknown | ✓ | ✓ | | | | $433.76 |
| 40 | 11/11/01 | 7843 | FRAZIER | 495122 | ✓ | | | | | $444.69 |

# UNDER THE CALIFORNIA SONG-BEVERLY ACT

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DATE | JOB # | SIDEMARK | CLAIM # | MATERIAL CREDIT | LABOR CREDIT | CHECK NUMBER | CHECK DATE | CHECK AMOUNT | CREDIT EXPECTED |
| 41 | 07/28/00 | T1805 | MURRY | Unknown | ✓ | | | | | $464.08 |
| 42 | 11/20/00 | R2174 | MCCATLIN | 215541 | | | | | | $471.22 |
| 43 | 04/21/02 | 8921 | HENKENS | 657030 | ✓ | | | | | $474.15 |
| 44 | 07/16/02 | R2889 | KLIMEK | 716639 | | | | | | $486.10 |
| 45 | 10/29/00 | V8668 | CALLAHAN | Unknown | ✓ | ✓ | | | | $492.75 |
| 46 | 04/26/02 | 7498 | BURNET | 534807 | | ✓ | | | | $492.75 |
| 47 | 08/01/02 | R2889 | KLIMEK | 720924 | ✓ | | | | | $494.23 |
| 48 | 01/04/01 | V8786 | HOLDEN | 256323 | ✓ | ✓ | | | | $517.87 |
| 49 | 01/08/02 | 8456 | ROTH | 682213 | ✓ | ✓ | | | | $571.67 |
| 50 | 12/22/98 | T1805 | MURRY | Unknown | ✓ | | | | | $572.55 |
| 51 | 04/10/01 | 5580 | SAND CASTLE | Unknown | ✓ | ✓ | | | | $586.77 |
| 52 | 06/14/00 | X00555 | HAGLE | Unknown | | | | | | $636.71 |
| 53 | 02/08/01 | 5368 | CALLAHAN | Unknown | | | | | | $637.67 |
| 54 | 04/06/00 | C9401 | KRUSE | 643039 | ✓ | ✓ | | | | $639.13 |
| 55 | 07/23/99 | T2235 | OTIS | Unknown | ✓ | ✓ | | | | $664.39 |
| 56 | 01/08/03 | 11402 | RIPLEY | Unknown | ✓ | | | | | $672.87 |
| 57 | 02/05/99 | | STOCK | Unknown | ✓ | | | | | $692.78 |
| 58 | 09/25/00 | CG001268 | OLMOS | 275834 | ✓ | ✓ | | | | $732.10 |
| 59 | 06/14/00 | V8456 | BAIRD | 214943 | | ✓ | | | | $768.52 |
| 60 | 07/07/00 | T2494 | MUNZ | 005691 | ✓ | | | | | $797.86 |
| 61 | 04/09/02 | 8915 | ROCHELLE | 733087 | ✓ | | | | | $798.26 |
| 62 | 05/11/00 | CG000536 | LOPEZ | Unknown | ✓ | ✓ | | | | $824.13 |
| 63 | 02/01/02 | 9155 | GUZMAN | 657024 | ✓ | | | | | $826.81 |
| 64 | 04/12/00 | T2645 | PACIFIC SUN | Unknown | ✓ | ✓ | | | | $864.80 |
| 65 | 09/08/02 | 10477 | GOCKE | 495125 | | ✓ | | | | $886.36 |
| 66 | 10/18/02 | T5109 | BALAY | Unknown | ✓ | | | | | $934.01 |
| 67 | 12/14/99 | C9401 | KRUSE | 880044 | ✓ | ✓ | | | | $943.99 |
| 68 | 06/19/01 | 6062 | HARRELSON | 495001 | | | | | | $985.92 |
| 69 | 05/05/02 | 8348 | CARLSON | Unknown | ✓ | | | | | $987.08 |
| 70 | 12/07/03 | 14279 | LEW | 312205 | ✓ | | | | | $1,007.27 |
| 71 | 08/02/99 | X99662 | HOFFMAN | Unknown | ✓ | ✓ | | | | $1,010.82 |
| 72 | 11/01/00 | T3079 | ELLIS | 470893 | ✓ | | | | | $1,043.67 |
| 73 | 04/18/01 | 8824 | LOVSTEDT | Unknown | ✓ | | | | | $1,044.10 |
| 74 | 03/28/01 | 7062 | YOUNCE | 573853 | ✓ | ✓ | | | | $1,046.77 |
| 75 | 08/12/01 | 6759 | HOVEY | 480297 | ✓ | ✓ | | | | $1,078.13 |
| 76 | 01/03/01 | T5109 | BENNETTI | 211308 | ✓ | ✓ | | | | $1,094.89 |
| 77 | 05/22/00 | V8412 | HILL | 398407 | ✓ | ✓ | | | | $1,131.11 |
| 78 | 10/07/01 | V8412 | HILL | 398407 | ✓ | ✓ | | | | $1,166.51 |
| 79 | 05/05/03 | 12215 | PERRY | 063960 | ✓ | | | | | $1,170.42 |

# UNDER THE CALIFORNIA SONG-BEVERLY ACT

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DATE | JOB # | SIDEMARK | CLAIM # | MATERIAL CREDIT | LABOR CREDIT | CHECK NUMBER | CHECK DATE | CHECK AMOUNT | CREDIT EXPECTED |
| 80 | 06/10/03 | 6279 | KINSELL | Unknown | ✓ | | | | | $1,199.71 |
| 81 | 10/15/02 | 11009 | MATTHEWS | 828374 | ✓ | ✓ | | | | $1,202.00 |
| 82 | 10/28/02 | 12546 | GOFF | 049215 | ✓ | ✓ | | | | $1,204.57 |
| 83 | 07/19/00 | V8502 | KRISTY | Unknown | | ✓ | | | | $1,228.77 |
| 84 | 11/21/02 | 11400 | MCATEE | 847858 | | | | | | $1,229.07 |
| 85 | 07/18/01 | 6713 | ROTHMAN | 389223 | ✓ | | | | | $1,236.80 |
| 86 | 08/03/01 | 7215 | DOLIN | Unknown | ✓ | ✓ | | | | $1,271.47 |
| 87 | 10/17/00 | T3037 | O'BRYANT | Unknown | ✓ | ✓ | | | | $1,305.01 |
| 88 | 04/02/03 | 11009 | MATTHEWS | 030330 | ✓ | ✓ | | | | $1,413.53 |
| 89 | 04/02/03 | 10433 | GADBURY | 041611 | ✓ | ✓ | | | | $1,480.60 |
| 90 | 07/25/04 | 15682 | WACHTER | 490866 | ✓ | ✓ | | | | $1,513.27 |
| 91 | 07/25/01 | 6884 | SPAGUR | Unknown | ✓ | ✓ | | | | $1,521.59 |
| 92 | 03/31/02 | 9547 | ANDERSON | Unknown | | | | | | $1,539.72 |
| 93 | 10/03/02 | 10956 | STEENBERG | Unknown | | | | | | $1,550.39 |
| 94 | 09/16/01 | 7311 | SPAGUR | Unknown | ✓ | | | | | $1,663.77 |
| 95 | 04/30/99 | 99416-743 | CABRILLO | Unknown | ✓ | ✓ | | | | $1,695.36 |
| 96 | 03/02/04 | 16970 | ARCHULETA | Unknown | | | | | | $1,736.20 |
| 97 | 12/08/02 | 11457 | MOSER | 964529 | | | | | | $1,796.72 |
| 98 | 07/16/98 | T1371 | SJOQUIST | 930518 | ✓ | ✓ | | | | $2,080.11 |
| 99 | 04/07/02 | 8983 | COOK | 679306 | ✓ | ✓ | | | | $2,110.92 |
| 100 | 11/21/00 | T3104 | ROUSE | 156596 | ✓ | | | | | $2,221.75 |
| 101 | 03/31/02 | 8989 | CATHCANT | 668848 | ✓ | | | | | $2,231.53 |
| 102 | 05/09/00 | T2685 | BOWEN | 952531 | ✓ | ✓ | | | | $2,252.24 |
| 103 | 04/18/01 | 7038 | FRAISSE | 7038 | ✓ | | | | | $2,261.63 |
| 104 | 03/11/03 | 12446 | MARKUSSEN | 985468 | | | | | | $2,286.86 |
| 105 | 03/30/03 | 12516 | Q-CLUB | 464869 | ✓ | ✓ | | | | $2,371.93 |
| 106 | 10/15/02 | 10869 | EDGAR | Unknown | ✓ | ✓ | | | | $2,395.13 |
| 107 | 11/10/02 | 10869 | EDGAR | Unknown | ✓ | ✓ | | | | $2,395.13 |
| 108 | 11/21/02 | 10869 | EDGAR | Unknown | ✓ | ✓ | | | | $2,395.13 |
| 109 | 01/09/98 | T1140 | MAY | 473522 | ✓ | | | | | $2,563.98 |
| 110 | 12/16/02 | 10960 | BURKE | 853851 | ✓ | ✓ | | | | $3,041.17 |
| 111 | 11/29/00 | T3104 | ROUSE | 194448 | ✓ | ✓ | | | | $3,068.58 |
| 112 | 12/10/02 | 11459 | WOOD | Unknown | ✓ | ✓ | | | | $3,086.24 |
| 113 | 11/20/01 | 7795 | WEINBERG | 678916 | ✓ | | | | | $3,099.70 |
| 114 | 11/06/02 | 14625 | MARINO | 335303 | ✓ | | | | | $3,140.40 |
| 115 | 10/04/99 | CG900882 | TRACY | Unknown | ✓ | ✓ | | | | $3,203.27 |
| 116 | 10/25/00 | X01032 | DUNHAM | Unknown | ✓ | | | | | $3,256.96 |
| 117 | 06/21/00 | T2494 | MUNZ | 986779 | ✓ | ✓ | | | | $3,330.74 |
| 118 | 09/22/03 | 14262 | BUCKLAND | 156148 | ✓ | | | | | $3,372.79 |

# UNDER THE CALIFORNIA SONG-BEVERLY ACT

|  | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DATE | JOB # | SIDEMARK | CLAIM # | MATERIAL CREDIT | LABOR CREDIT | CHECK NUMBER | CHECK DATE | CHECK AMOUNT | CREDIT EXPECTED |
| 119 | 02/26/04 | 15682 | WACHTER | 415306 | ✓ | ✓ |  |  |  | $3,398.61 |
| 120 | 11/17/02 | 11484 | WELCHER | 963167 | ✓ |  |  |  |  | $3,530.18 |
| 121 | 05/18/99 | T2053 | PAULINO | 048277 | ✓ |  |  |  |  | $3,579.66 |
| 122 | 01/05/00 | T2494 | MUNZ | 874320 | ✓ | ✓ |  |  |  | $3,588.00 |
| 123 | 11/04/03 | 13075 | TOWN | 316868 |  |  |  |  |  | $4,393.69 |
| 124 | 06/10/04 | 17189 | ISRAELSON | 446786 | ✓ |  |  |  |  | $4,636.89 |
| 125 | 03/23/99 | T1948 | HAWKINS | 050202 |  |  |  |  |  | $4,799.72 |
| 126 | 08/03/01 | 6715 | DALTON | 536123 |  |  |  |  |  | $6,172.32 |
| 127 | 05/15/03 | 13291 | NAVARETTE | 030272 |  |  |  |  |  | $6,387.58 |
| 128 | 10/18/00 | V8656 | KRAUS | 200879 |  |  |  |  |  | $7,360.87 |
| 129 | 11/30/03 | 14718 | STIDHAM | Unknown |  |  |  |  |  | $8,142.52 |
| 130 |  |  |  |  |  |  |  |  |  |  |
| 131 |  |  |  |  |  |  |  |  |  |  |
| 132 |  |  |  |  |  |  |  |  |  |  |
| 133 |  |  |  |  | TOTAL SUBMITTED CLAIMS |  |  |  |  | $176,641.81 |
| 134 |  |  |  |  |  |  |  |  |  |  |

# EXHIBIT D



**Shaw Industries, Inc.**

Financial Services Department
P.O. Box 40
Dalton, GA 30722-0040

December 29, 2004

MR. JIMMY POULOUS
FLOORINGMAX INC.
1660 S OXNARD BLVD
OXNARD CA 93030

RE:   Your letter and claims package dated November 15, 2004, submitting requests for claims compensation
      under Shaw Industries, Inc. settlement for Case #BC281764

Dear Mr. Poulous:

I am in receipt of your letter of November 15, 2004, along with a package of requests for compensation on 128 claims filed between September 18, 1998 and June 16, 2004, totaling $176,641.40 , for amounts you believe are applicable under law.

In accordance with the terms of the settlement, we will review each claim separately, consider the specific request for compensation, and respond to each claim on a case by case basis, based on the facts relative to the claim, requirements of applicable law, and in consideration of the requests you are making for each individual claim.

If additional information is required, we will communicate the specific request(s) for the claims involved.

As previously stated, we will review and analyze each claim on a case by case basis and provide you with written communication of our decision and/or request of additional information, if needed.

Sincerely,

Steve Ogletree
Sr. Regional Claims Manager

SO/mkl

# EXHIBIT E



**Shaw Industries, Inc.**

Financial Services Department
P.O. Box 40
Dalton, GA 30722-0040

March 14, 2005

MR. JIMMY POULOUS, PRESIDENT
FLOORINGMAX, INC.
1660 S. OXNARD BLVD.
OXNARD, CA 93030

RE:   CLAIMS RECEIVED BY SHAW IN RESPONSE TO THE NOTICE OF FINAL
      SETTLEMENT APPROVAL – CASE #BC281764

Dear Mr. Poulous:

As previously communicated, we have received your company's package of information requesting compensation on several claims filed between September 18, 1998, and June 16, 2004, for amounts you submit are applicable under the settlement. In accordance with the terms of the settlement, we have reviewed each claim separately, have considered the specific request for compensation and have responded to the claims, by category, based on the facts and information we have relative to each claim.

Attached is our analysis of the claims along with our response regarding your request for compensation, which may include our request for additional backup information and documentation. In cases where we have not granted your full request pending receipt of additional information and documentation, we will proceed with further assessment of those claims once the required documentation is received.

Thank you for your business.

Sincerely,

Steve Ogletree
Sr. Regional Claims Manager

SO/mkl

**Attachments**

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

I.    **APPROVED WARRANTY REPLACEMENT CLAIMS WHERE WARRANTY COVERAGE INCLUDED COMPENSATION FOR LABOR TO FACILITATE PULL UP AND REPLACEMENT OF ORIGINAL PRODUCT, AND SUCH LABOR COMPENSATION WAS REQUESTED IN THE ORIGINAL CLAIM BY FLOORINGMAX AND PAID BY SHAW**

For the claims listed below, our records show that Shaw credited your original request for material, transportation/freight, and labor to cover pull up and replacement. You are now requesting various amounts of additional compensation that you define as profit. In order to give consideration to these requests, we require that you provide us with specific information and detail to explain why you believe these amounts are due and applicable pursuant to the Song Beverly Statute.

In addition, please provide us with a copy of the original contract with your customer along with cancelled checks and paid receipts covering the amounts paid to subcontracted installers for the replacement work, or, a copy of your company price list in place at the time of replacement if the replacement was performed by company employed installers. The original Notice of Settlement form that you received explained that this information may be required.

In the interim, we will credit your account for the amounts indicated on each claim below as a handling charge and will stand available to consider the additional compensation you have requested once the required information is received. By crediting these amounts listed, Shaw is doing so solely in effort to compromise and settle these claims pursuant to the settlement.

**Claim #406815**        **Consumer Name/End User:  Sandcastle Management**
                        **Job #5580**

Amount Originally Requested & Credited By Shaw Industries, Inc.
   - Material/Freight/Transportation & Tax:       $509.65
   - Labor:                                        $190.00

Additional Amount Now Requested:                  $586.77
Additional Amount Shaw Agrees to Credit:          $ 50.00

2

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**I.  (cont.)**

### Claim #882099      Job #CG900882

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:       $2,742.63
- Labor & Furniture Removal :                  $  814.60

Additional Amount Now Requested:               $3,203.27
Additional Amount Shaw Agrees to Credit:       $   50.00

### Claim #986779      Consumer Name:  Munz

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:       $4,072.70
- Labor:                                       $  546.00

Additional Amount Now Requested:               $3,330.74
Additional Amount Shaw Agrees to Credit:       $   50.00

### Claim #678916      Consumer Name:  Weinberg

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:       $1,853.10
- Labor:                                       $  828.69

Additional Amount Now Requested:               $3,099.70
Additional Amount Shaw Agrees to Credit:       $   50.00

### Claim #873033      Consumer Name:  Edgar
### Job #10869#1-R

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:       $1,883.87
- Labor:                                       $  763.65

Additional Amount Now Requested:               $2,395.13
Additional Amount Shaw Agrees to Credit:       $   50.00

3

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

I. (cont.)

Claim #890435        **Consumer Name: Edger**
                     **Job #10869#3-R**

Amount Originally Requested & Credited By Shaw Industries, Inc.
  - Material/Freight/Transportation & Tax:        $1,883.43
  - Labor:                                        $  763.65

Additional Amount Now Requested:                  $2,395.13
Additional Amount Shaw Agrees to Credit:          $   50.00

Claim #906724        **Consumer Name: Wood**

Amount Originally Requested & Credited By Shaw Industries, Inc.
  - Material/Freight/Transportation & Tax:        $3,215.46
  - Labor:                                        $1,104.00

Additional Amount Now Requested:                  $3,086.24
Additional Amount Shaw Agrees to Credit:          $   50.00

Claim #879811        **Consumer Name: Edgar**
                     **Job #10869#2-R**

Amount Originally Requested & Credited By Shaw Industries, Inc.
  - Material/Freight/Transportation & Tax:        $1,892.92
  - Labor:                                        $  763.65

Additional Amount Now Requested:                  $2,395.13
Additional Amount Shaw Agrees to Credit:          $   50.00

Claim #769575        **Consumer Name: Sime**

Amount Originally Requested & Credited By Shaw Industries, Inc.
  - Material/Freight/Transportation & Tax:        $ 25.02
  - Labor:                                        $107.93

Additional Amount Now Requested:                  $105.75
Additional Amount Shaw Agrees to Credit:          $  50.00

4

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**I.  (cont.)**

### Claim #775537          Consumer Name:  Wilson

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:               $281.11
- Labor:
                                                                          $134.17

Additional Amount Now Requested:                       $399.31
Additional Amount Shaw Agrees to Credit:            $ 50.00


### Claim #138354          Consumer Name:  O'Bryant

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:            $ 751.62
- Labor:                                                           $ 225.42

Additional Amount Now Requested:                       $1,305.01
Additional Amount Shaw Agrees to Credit:            $   50.00


### Claim #832083          Consumer Name:  Steel

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:            $ 918.03
- Labor:                                                           $ 750.00

Additional Amount Now Requested:                       $1,695.36
Additional Amount Shaw Agrees to Credit:            $   50.00


### Claim #415306          Consumer Name:  Wachter

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:            $3,477.56
- Labor:
                                                                        $1,265.68

Additional Amount Now Requested:                       $3,398.61
Additional Amount Shaw Agrees to Credit:            $   50.00

5

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**I.   (cont.)**

### Claim #874320        Consumer Name:  Munz

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $3,997.02
- Labor:        $1,009.50

Additional Amount Now Requested:        $3,588.00
Additional Amount Shaw Agrees to Credit:        $     50.00

### Claim #853651        Consumer Name:  Burke

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $2,711.98
- Labor:        $1,469.87

Additional Amount Now Requested:        $3,041.17
Additional Amount Shaw Agrees to Credit:        $     50.00

### Claim #194448        Consumer Name:  Rouse

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $2,870.12
- Labor:        $   885.50

Additional Amount Now Requested:        $3,068.58
Additional Amount Shaw Agrees to Credit:        $     50.00

### Claim #679306        Consumer Name:  Cook

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $2,302.54
- Labor:        $   672.00

Additional Amount Now Requested:        $2,110.92
Additional Amount Shaw Agrees to Credit:        $     50.00

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

**I.   (cont.)**

**Claim #480297**          **Consumer Name:  Hovey**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $  934.50
- Labor:                                          $  106.54

Additional Amount Now Requested:                  $1,078.13
Additional Amount Shaw Agrees to Credit:          $   50.00

**Claim #214943**          **End User:  LSC Company**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $131.00
- Labor:                                          $100.00

Additional Amount Now Requested:                  $163.33
Additional Amount Shaw Agrees to Credit:          $ 50.00

**Claim #211308**          **Consumer Name:  Bennetti**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $1,049.84
- Labor:                                          $  275.00

Additional Amount Now Requested:                  $1,094.89
Additional Amount Shaw Agrees to Credit:          $   50.00

**Claim #049215**          **Consumer Name:  Goff**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $ 541.80
- Labor:                                          $ 585.00
- Inspection Fee:                                 $ 150.00

Additional Amount Now Requested:                  $1,204.57
Additional Amount Shaw Agrees to Credit:          $   50.00

7

## FLOORINGMAX, INC.
## OXNARD, CA
## ACCOUNT #0002505

**I.   (cont.)**

### Claim #490866          Consumer Name:  Wachter

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $3,485.42
- Labor:                                        $1,632.84

Additional Amount Now Requested:               $1,513.27
Additional Amount Shaw Agrees to Credit:       $    50.00

### Claim #755945          Consumer Name:  Hoffman

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $1,028.53
- Labor:                                        $  338.95

Additional Amount Now Requested:               $1,010.82
Additional Amount Shaw Agrees to Credit:       $    50.00

### Claim #942927          Consumer Name:  Lopez

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $737.74
- Labor:                                        $335.50

Additional Amount Now Requested:               $824.13
Additional Amount Shaw Agrees to Credit:       $  50.00

### Claim #701876          Consumer Name:  Otis

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $490.58
- Labor:                                        $345.00

Additional Amount Now Requested:               $664.39
Additional Amount Shaw Agrees to Credit:       $  50.00

8

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

### I.   (cont.)

**Claim #695980**        **Consumer Name:  Penner**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $215.74
- Labor:                                                         $260.08

Additional Amount Now Requested:                 $433.76
Additional Amount Shaw Agrees to Credit:       $ 50.00

**Claim #525006**        **Consumer Name:  Stevens**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $116.24
- Labor:                                                         $107.63

Additional Amount Now Requested:                 $234.81
Additional Amount Shaw Agrees to Credit:       $ 50.00

**Claim #552303**        **Consumer Name:  Fraisse**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $4,514.45
- Labor:                                                         $ 704.00

Additional Amount Now Requested:                 $2,261.63
Additional Amount Shaw Agrees to Credit:       $  50.00

**Claim #930518**        **Consumer Name:  Sjoquist**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $1,410.66
- Labor:                                                         $1,109.50

Additional Amount Now Requested:                 $2,080.11
Additional Amount Shaw Agrees to Credit:       $  50.00

9

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**I.   (cont.)**

### Claim #952531          Consumer Name:  Bowen

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $1,356.18
- Labor:                                           $  705.00

Additional Amount Now Requested:                  $2,252.24
Additional Amount Shaw Agrees to Credit:          $    50.00

### Claim #256323          Consumer Name:  Holden

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $508.14
- Labor:                                          $201.00

Additional Amount Now Requested:                  $517.87
Additional Amount Shaw Agrees to Credit:          $  50.00

### Claim #643039          Job #C9401-2ND

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $683.69
- Labor:                                          $275.00

Additional Amount Now Requested:                  $639.13
Additional Amount Shaw Agrees to Credit:          $  50.00

### Claim #540128          Consumer Name:  Roth

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $538.95
- Labor:                                          $250.00

Additional Amount Now Requested:                  $571.67
Additional Amount Shaw Agrees to Credit:          $  50.00

10

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

I.   (cont.)

### Claim #214943        Consumer Name:  Baird

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $131.00
- Labor:        $200.00

Additional Amount Now Requested:        $768.52
Additional Amount Shaw Agrees to Credit:        $ 50.00

### Claim #275834        Consumer Name:  Olmos

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $483.00
- Labor:        $466.00

Additional Amount Now Requested:        $732.10
Additional Amount Shaw Agrees to Credit:        $ 50.00

### Claim #657024        Job #9155

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $528.00
- Labor:        $344.50

Additional Amount Now Requested:        $826.81
Additional Amount Shaw Agrees to Credit:        $ 50.00

### Claim #953448        Consumer Name:  Specific Sun Construction

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $878.73
- Labor:        $220.50

Additional Amount Now Requested:        $864.80
Additional Amount Shaw Agrees to Credit:        $ 50.00

# FLOORINGMAX, INC.
## OXNARD, CA
## ACCOUNT #0002505

**I. (cont.)**

### Claim #657030     Consumer Name: Henkins

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $493.63
- Labor:                                          $160.00

Additional Amount Now Requested:                  $474.15
Additional Amount Shaw Agrees to Credit:          $ 50.00

### Claim #573853     Consumer Name: Younce

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $ 735.84
- Labor:                                          $ 637.50

Additional Amount Now Requested:                  $1,046.77
Additional Amount Shaw Agrees to Credit:          $  50.00

### Claim #446998     Consumer Name: Spurger

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:          $1,739.48
- Labor:                                          $ 338.60

Additional Amount Now Requested:                  $1,663.77
Additional Amount Shaw Agrees to Credit:          $  50.00

### Claim #262459     Consumer Name: Callahan

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax: .        $1,335.96
- Labor:                                          $ 456.25

Additional Amount Now Requested:                  $ 637.67
Additional Amount Shaw Agrees to Credit:          $  50.00

\* You made a separate request for $492.75 which appears to be a duplicate on this same claim.

### FLOORINGMAX, INC.
### OXNARD, CA
### ACCOUNT #0002505

I.     (cont.)

Claim #552303        **Consumer Name;  Fraisse**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $4,514.45
- Labor:                                        $  704.00

Additional Amount Now Requested:                $1,044.10
Additional Amount Shaw Agrees to Credit:        $    50.00

**Claim #964529        Job #11457**

Our records find that we failed to initially issue credit to you for the material/freight/transportation, tax and labor due on this claim. We will credit your firm $644.25 for material, transportation/freight and tax and $399.00 for labor. You are also requesting an additional amount of $753.47 as Song Beverly Handling Fee defined as profit. We will credit your firm $50.00 at this time as a handling charge, solely in effort to compromise this claim pursuant to this settlement.



13

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**II.**   **APPROVED WARRANTY REPLACEMENT CLAIMS WHERE LABOR WAS NOT PAYABLE UNDER THE ORIGINAL CLAIM BECAUSE THE MATERIAL WAS RETURNED UNINSTALLED, OR LABOR COVERAGE DID NOT APPLY IN ACCORDANCE WITH THE WARRANTY, ETC.**

For the claims listed below, labor reimbursement was not available on the original claim either because the material was returned uninstalled, or, labor coverage did not apply in accordance with the warranty.

According to our records, your company was compensated for the material and freight/transportation costs when the original claim was handled. For each of these claims, you are now requesting various amounts that you identify as a handling fee, defined as profit. In order to properly assess each of these, we require additional information to supplement each claim which will explain and clarify how you arrived at the specific amounts you are requesting and why you believe these specific amounts are applicable, according to the Song Beverly Statute. In the interim, we will credit your account for the amounts indicated on each claim below as a reasonable handling charge and will consider the additional compensation you have requested once the required information is received. By crediting these amounts listed, Shaw is doing so solely in effort to compromise and settle these claims pursuant to the settlement.

### Claim #523733        Job #6779

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation:                        $111.57

Additional Amount Now Requested:                          $272.13
Additional Amount Shaw Agrees to Credit:                  $ 50.00

### Claim #544130        Consumer Name: Yengle

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight Transportation & Tax                   $176.47

Additional Amount Now Requested:                          $296.58
Additional Amount Shaw Agrees to Credit:                  $ 50.00

# FLOORINGMAX, INC.
## OXNARD, CA
## ACCOUNT #0002505

**II.  (cont.)**

### Claim #591818          Job #8179

Amount Originally Requested & Credited By Shaw Industries, Inc.
   - Material/Freight/Transportation & Tax          $204.31

Additional Amount Now Requested:          $306.44
Additional Amount Shaw Agrees to Credit:          $ 50.00

### Claim #716639          Job #R2889

Amount Originally Requested & Credited By Shaw Industries, Inc.
   - Material/Freight/Transportation & Tax          $464.15

Additional Amount Now Requested:          $486.10
Additional Amount Shaw Agrees to Credit:          $ 50.00

### Claim #720924          Job #R2889-R

Amount Originally Requested & Credited By Shaw Industries, Inc.
   - Material/Freight/Transportation & Tax          $476.35

Additional Amount Now Requested:          $494.23
Additional Amount Shaw Agrees to Credit:          $ 50.00

### Claim #210634          Consumer Name:  Hagle

Amount Originally Requested & Credited By Shaw Industries, Inc.
   - Material/Freight/Transportation & Tax          $300.00

Additional Amount Now Requested:          $636.71
Additional Amount Shaw Agrees to Credit:          $ 50.00

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**II.  (cont.)**

### Claim #013474        Consumer Name:  Murray

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax              $379.84

Additional Amount Now Requested:              $572.55
Additional Amount Shaw Agrees to Credit:     $ 50.00

### Claim #248143        Consumer Name:  Murry

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax              $262.25

Additional Amount Now Requested:              $464.08
Additional Amount Shaw Agrees to Credit:     $ 50.00

### Claim #803179        Consumer Name:  Dolin

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax              $941.22

Additional Amount Now Requested:              $1,271.47
Additional Amount Shaw Agrees to Credit:     $    50.00

### Claim #886401    Consumer Name:  Anderson

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax              $994.31

Additional Amount Now Requested:              $1,539.72
Additional Amount Shaw Agrees to Credit:     $    50.00

16

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

**II. (cont.)**

**Claim #156148**          **Consumer Name: Buckland**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $2,248.98

Additional Amount Now Requested:          $3,372.79
Additional Amount Shaw Agrees to Credit:          $   50.00

**Claim #963167**          **Consumer Name: Welcher**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $2,972.41

Additional Amount Now Requested:          $3,530.18
Additional Amount Shaw Agrees to Credit:          $   50.00

**Claim #670676**          **Consumer Name: Gallegas**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $357.00

Additional Amount Now Requested:          $291.11
Additional Amount Shaw Agrees to Credit:          $ 50.00

**Claim #161018**          **Job #14264**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $350.55

Additional Amount Now Requested:          $ 70.11
Additional Amount Shaw Agrees to Credit:          $ 50.00

17

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**II. (cont.)**

**Claim #567993**     **Consumer Name: Hill**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $1,279.75

Additional Amount Now Requested:                 $1,166.51
Additional Amount Shaw Agrees to Credit:         $   50.00

**Claim #469647**     **Consumer Name: Hill**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $1,281.16

Additional Amount Now Requested:                 $1,131.11
Additional Amount Shaw Agrees to Credit:         $   50.00

**Claim #448212**     **Job #6858R2**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $425.33

Additional Amount Now Requested:                 $283.55
Additional Amount Shaw Agrees to Credit:         $  50.00

**Claim #900080**     **Job #10376**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $362.43

Additional Amount Now Requested:                 $421.69
Additional Amount Shaw Agrees to Credit:         $  50.00

18

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**II. (cont.)**

**Claim #470893**        **Consumer Name: Ellis**

Amount Originally Requested & Credited By Shaw Industries, Inc.
   - Material/Freight/Transportation & Tax     $ 618.15

Additional Amount Now Requested:         $1,043.67
Additional Amount Shaw Agrees to Credit:     $  50.00

*For the above listed claim, original request was for a sample cutting of the defective material to confirm the alleged defect.  We advised that we would credit your requested labor amount upon receipt of the sample cutting, which according to our records, was never received.  Therefore, the credit to compensate for labor was never issued.

**Claim #889925**        **Consumer Name: Gocke**

Amount Originally Requested & Credited By Shaw Industries, Inc.
   - Material/Freight/Transportation & Tax     $404.89

Additional Amount Now Requested:         $886.36
Additional Amount Shaw Agrees to Credit:     $  50.00

**Claim #733087**        **Job #8915**

Amount Originally Requested & Credited By Shaw Industries, Inc.
   - Material/Freight/Transportation & Tax     $1,794.78

Additional Amount Now Requested:         $  798.26
Additional Amount Shaw Agrees to Credit:     $   50.00

## FLOORINGMAX, INC.
## OXNARD, CA
## ACCOUNT #0002505

**II. (cont.)**

### Claim #668848       Job #8989

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax            $2,698.43

Additional Amount Now Requested:                   $2,231.53
Additional Amount Shaw Agrees to Credit:           $   50.00

### Claim #156596       Job #T3104

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax            $2,870.12

Additional Amount Now Requested:                   $2,221.75
Additional Amount Shaw Agrees to Credit:           $   50.00

### Claim #655744       Job #8348

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax            $138.53

Additional Amount Now Requested:                   $987.08
Additional Amount Shaw Agrees to Credit:           $  50.00

### Claim #389223       Job #6713

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax            $ 304.20

Additional Amount Now Requested:                   $1,236.80
Additional Amount Shaw Agrees to Credit:           $   50.00

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

II. (cont.)

Claim #495122        Job #7843

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax        $339.72

Additional Amount Now Requested:        $444.69
Additional Amount Shaw Agrees to Credit:        $ 50.00

Claim #539657        Job #7772

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax        $133.48

Additional Amount Now Requested:        $248.76
Additional Amount Shaw Agrees to Credit:        $ 50.00

Claim #242918        Consumer Name: Dunham

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax        $1,659.94

Additional Amount Now Requested:        $3,256.96
Additional Amount Shaw Agrees to Credit:        $ 50.00

Claim #215568        Job #R2174

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax        $ 45.69

Additional Amount Now Requested:        $ 30.46
Additional Amount Shaw Agrees to Credit:        $ 30.46

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

II. (cont.)

Claim #292152        Job #R2174

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $281.35

Additional Amount Now Requested:                $187.57
Additional Amount Shaw Agrees to Credit:         $ 50.00

Claim #404160        Job #6266

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $ 45.89

Additional Amount Now Requested:                $150.00
Additional Amount Shaw Agrees to Credit:         $ 50.00

Claim #532552        Job #2573

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $121.24

Additional Amount Now Requested:                $ 93.81
Additional Amount Shaw Agrees to Credit:         $ 50.00

Claim #772566        Job #R2901

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $726.01

Additional Amount Now Requested:                $162.03
Additional Amount Shaw Agrees to Credit:         $ 50.00

# FLOORINGMAX, INC.
## OXNARD, CA
## ACCOUNT #0002505

**II. (cont.)**

### Claim #504690        Job #R2501

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $71.32

Additional Amount Now Requested:               $ 47.55
Additional Amount Shaw Agrees to Credit:       $ 47.55

### Claim #186655        Consumer Name:  Miner

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $387.02

Additional Amount Now Requested:               $239.33
Additional Amount Shaw Agrees to Credit:       $ 50.00

### Claim #214879        Job #R2174

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $ 39.59

Additional Amount Now Requested:               $ 26.39
Additional Amount Shaw Agrees to Credit:       $ 26.39

### Claim #493160        Job N/A – Shaw Inv. #2819857

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $1,083.94

Additional Amount Now Requested:               $   68.08
Additional Amount Shaw Agrees to Credit:       $   50.00

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

**II. (cont.)**

**Claim #522440**          **Consumer Name: Powlas**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $139.76

Additional Amount Now Requested:          $ 48.44
Additional Amount Shaw Agrees to Credit:          $ 50.00

**Claim #297272**          **Job #R2174**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $45.69

Additional Amount Now Requested:          $30.46
Additional Amount Shaw Agrees to Credit:          $30.46

**Claim #215555**          **Job #R2174**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $39.67

Additional Amount Now Requested:          $26.45
Additional Amount Shaw Agrees to Credit:          $26.45

**Claim #880044**          **Consumer Name: Kruse**

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax          $672.13

Additional Amount Now Requested:          $943.99
Additional Amount Shaw Agrees to Credit:          $ 50.00

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**II.  (cont.)**

### Claim #312205        Consumer Name:  Leu

Amount Originally Requested & Credited By Shaw Industries, Inc.
  - Material/Freight/Transportation & Tax          $4,642.04

Additional Amount Now Requested:                   $1,007.27
Additional Amount Shaw Agrees to Credit:           $    50.00

### Claim #996247        Consumer Name:  Steeberg

Amount Originally Requested & Credited By Shaw Industries, Inc.
  - Material/Freight/Transportation & Tax          $1,250.99

Additional Amount Now Requested:                   $1,550.39
Additional Amount Shaw Agrees to Credit
  - Reasonable Handling Charge:                     $    50.00
  - Reasonable Labor that was originally
    requested but never credited:                   $   336.00

### Claim #473522        Consumer Name:  May

Amount Originally Requested & Credited By Shaw Industries, Inc.
  - Material/Freight/Transportation & Tax          $2,496.21

Additional Amount Now Requested:                   $2,563.98
Additional Amount Shaw Agrees to Credit:           $    50.00

### Claim #493160        Shaw Inv. #0642573 & #2819857

Amount Originally Requested & Credited By Shaw Industries, Inc.
  - Material/Freight/Transportation & Tax          $1,602.94

Additional Amount Now Requested:                   $   692.78
Additional Amount Shaw Agrees to Credit:           $    50.00

* You submitted two additional cover sheets/claims relative to this same claim, one requesting $346.00 and the other requesting $60.55.  These both relate to the same aforementioned claim.

25

# FLOORINGMAX, INC.
## OXNARD, CA
### ACCOUNT #0002505

**II. (cont.)**

### Claim #423172        Job #6858R & 6858

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax:        $ 412.14 &
                                                $ 412.01
                        Total:                  $ 824.15

Additional Amount Now Requested:                $274.76  &
                                                $274.76

Additional Amount Shaw Agrees to Credit:        $ 50.00  &
                                                $ 50.00
                        Total:                  $100.00

*For this specific claim, there was actually a defect in return of uninstalled material related to the original claim and the replacement product, thus, two amounts listed above on each category.

### Claim #946117      Consumer Name: Riples

Amount Originally Requested & Credited By Shaw Industries, Inc.
- Material/Freight/Transportation & Tax         $556.05

Additional Amount Now Requested:                $672.87
Additional Amount Shaw Agrees to Credit:        $ 50.00

## FLOORINGMAX, INC.
## OXNARD, CA
## ACCOUNT #0002505

III.   **FOR THE WARRANTY CLAIMS LISTED BELOW, SHAW AUTHORIZED THE CONSUMER TO BE GIVEN A CASH ALLOWANCE TO KEEP THE PRODUCT, AS IS, IN SETTLEMENT OF THE WARRANTY CLAIM. SHAW ORIGINALLY CREDITED YOUR ACCOUNT FOR THE AMOUNT TO BE PASSED ON THE CONSUMER AS A CASH ALLOWANCE TO KEEP.**

For the claims below, we have listed the amounts paid as cash allowance to keep as well as the additional amounts you are now requesting. We will need further information and detail from you to clarify and explain how you arrive at the additional amounts you are now requesting and explanation of why you believe these amounts are due and applicable pursuant to the Song Beverly Statute. In addition, please provide us with a copy of your cancelled check (both front and back) transacting the cash allowance that was passed on to the consumer to resolve these two claims. In the interim, solely in effort to compromise these claims under this settlement, we will credit your account for the amounts listed below for each claim.

### Claim #280173          Consumer Name: Balay

| | |
|---|---|
| Amount credited as allowance to keep: | $400.00 |
| Additional Amount Now Requested: | $934.01 |
| Additional Amount Shaw Agrees to Credit: | $ 50.00 |

### Claim #534807          Consumer Name: Burnett

| | |
|---|---|
| Amount credited as allowance to keep: | $300.00 |
| Additional Amount Now Requested: | $492.75 |
| Additional Amount Shaw Agrees to Credit: | $ 50.00 |

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

IV.  **DECLINED CLAIMS:  CLAIMS THAT WERE ORIGINALLY DECLINED AND NO CREDIT OR COMPENSATION WAS ORIGINALLY EXTENDED BY SHAW**

For the claims listed below, our records find that original warranty credit was not issued to your account as these claims were either not approved as warranty claims, or, a return authorization was issued for alleged defective material, and our records find that the product was never returned.

Since the Song Beverly Statute only applies to claims that qualify for manufacturer warranty coverage, no consideration will be given for Song Beverly compensation relative to these claims. If you have any additional detail or information to support your original request for warranty coverage on these claims, we will give consideration upon receipt.

|  |  |  |
|---|---|---|
| Claim #207603 | Job #14718 | |
| Claim #030272 | Consumer Name: | ~~Navarrete~~ |
| Claim #200879 | Consumer Name: | ~~Kraus~~ |
| Claim #536123 | Consumer Name: | ~~Dalton~~ |
| Claim #050202 | Consumer Name: | Hawkins |
| Claim #316868 | Consumer Name: | Town |
| Claim #446786 | Consumer Name: | Israelson |
| Claim #215541 | Job #R2174   Shaw Inv. #2586233 | |
| Claim #464869 | End User Name: | The "Q" Club |

If this claim was an approved warranty claim, Song Beverly would not apply because it is a commercial user and commercial product.

28

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

V.     **ACCOMMODATION RETURNS**

The claims listed below actually represent accommodation returns.  This means that there was no manufacturer warranty coverage available based on the reason for your company's request to return the merchandise.  Shaw only allowed the merchandise to be returned as an accommodation to your company.   Therefore, since these are not warranty claims, the Song Beverly Statute does not apply and no further compensation is due.

| | |
|---|---|
| Claim #190956 | Job #14639 |
| Claim #005691 | Job #T2494 |
| Claim #063960 | Job #I2215 |
| Claim #828374 | Job #11009 |
| Claim #847858 | Job #11400 |
| Claim #811028 | Job #041611 |
| Claim #335303 | Job #14625 |
| Claim #048277 | Job #T2053 |
| Claim #467591 | Job #7618 |
| Claim #015089 | Job #6279 |
| Claim #030330 | Job #11009 |

VI.     **MISCELLANEOUS**

**Claim #495001**     **Consumer Name:  Harrelson**

For this claim, our company commissioned and paid an independent party to repair the problem on site via color blend repair.  Your firm is now asking us to compensate you in the amount of $985.92, which you define as profit.  We do not believe the statute requires compensation from the manufacturer to the dealer when the manufacturer handles or subcontracts the repair for the consumer.  Therefore, we find no basis for consideration of any payment on this claim.

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

## VI.   MISCELLANEOUS (cont.)

### Claim #985468        Shaw Invoice #2956816

This claim was reported by your company as a non-installed carpet claim, alleging that the carpet shipped by Shaw did not match the color of the selling sample. In submitting the claim, you suggested that the consumer may agree to resolution by payment of an allowance to keep the product, as is. Our records find that in June, 2003, Diane, from your firm indicated that the consumer would accept a $650.00 allowance to keep the carpet as is. We responded by requesting a sample cutting of the carpet received and a sample cutting from the selling sample, in order to verify the claim as a warranty claim, and agreed to the $650.00 allowance to keep. We faxed a release agreement to your firm on June 10, 2003, for the consumer to sign releasing your firm and us from any further liability relative to this claim, in exchange for the $650.00 allowance. Our records find that we never received the signed release form, nor did we ever receive sample cuttings of the product you received and a cutting from the selling sample to validate the claim. We sent email communication to Diane, of your firm, on October 16, 2003, to inquire as to whether or not this claim is still open and whether or not we need to take any further action. We did not receive a response and the claim was closed.

Therefore, no further consideration is due at this time, however, we will be on standby to review and evaluate any additional information you may be able to give us in order to validate this as a warranty claim.

### Claim #889932        Job #3462    Shaw Inv. #1950849

For this claim, your company advised that the serging was coming off of a rug and your company had to have it repaired. You requested us to credit your company $25.00 for repair of the rug. We complied with your request and credited your company for the $25.00 repair fee, as requested. You are now requesting additional compensation in the amount of $161.96 and we are unable to determine exactly how you have calculated the amount you are requesting. Please provide additional information to clarify and explain how you have calculated this amount and why you believe this specific amount is due pursuant to the statute.

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

## VI.    MISCELLANEOUS (cont.)

### (cont.) Claim #889932    Job #3462    Shaw Inv. #1950849

For warranty claims that you handle by repair, we are required to compensate you for your cost of handling the repair, plus a reasonable profit. In other words, you should expect to receive from us the same amount that you would charge the consumer for the repair, if the repair were not under warranty, which would be your cost of performing the service, plus your reasonable profit. When we originally handled the claim, we assumed that the $25.00 amount that you charged us represented your standard billing for such repair work and such standard billing included your cost and a reasonable profit for doing that work. If this is not the case, please clarify and explain with additional information. If you hired someone else to complete this repair, please provide us with a copy of that contract/receipt and we will then give further consideration.

### Claim #657034      Consumer Name: Hadglin

For this claim, your company stated that the installed carpet was delaminating at the seam in the living room and that you repaired the problem by applying latex to the backing to repair the delamination. You asked us for $150.00 compensation for your repair work, and we complied with your request by crediting your account for this amount.

You are now asking for $320.24 additional compensation and we are unable to understand how you arrived at this amount. Please provide additional detailed information to clarify and explain how you arrived at this amount and why you believe this specific amount is due pursuant to the Song Beverly Statute. As with the previously listed claim, for repair claims the statute requires us to pay compensation for your cost of handling the repair, plus a reasonable profit. In other words, you should expect to receive from us the same amount that you would charge the consumer if the repair work was not covered under warranty.

We assume the amount you originally requested represented your standard charge for this type of work. If this is not the case, please provide additional detailed information including contacts/receipts if the work was performed by a separate party. As an additional note, delamination problems located at the seam are generally a result of improper installation and not a result of a defect in the quality and workmanship of the product. Please note that we paid your requested amount of $150.00 without further inspection to verify/validate whether or not there was actually a defect in the quality and workmanship of the product that caused this delamination at the seam.

We will be on standby to give further consideration once additional information and explanation is provided.

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

## VI.   MISCELLANEOUS (cont.)

### Claim #053953   Consumer Name: Mosser

For this claim, your company stated that the surface of two laminate boards in a laminate installation had a flaw and you requested that we compensate your company $125.10 to replace two defective boards. We honored your request. You are now requesting an additional amount of $182.71, $123.08 of which you identify as a reasonable handling fee defined as a profit. We are unable to determine how you arrive at the additional amount. Absent further information to clarify and explain your calculation as well as why you believe this amount is due and applicable pursuant to the statute, we will issue additional credit to your company for $50.00 solely in an effort to compromise and settle this claim in this settlement.

### Claim #076386   Consumer Name: Christy

For this claim, you stated that the carpet was sticky and asked us to have the carpet inspected to determine whether or not the residue causing the problem could be removed. We commissioned the independent inspector who indicated that the soiling/residue could be removed and we authorized your company to have the carpet cleaned, at our expense. You cleaned the carpet and submitted to us your invoice #V8502CL for $280.00 which we credited to your company on January 16, 2001.

Your are now requesting additional compensation in the amount of $1,228.77 which you define as a reasonable handling fee defined as profit. The statute provides that when a warranty claim is handled via a repair or a service, such as this claim, we are required to compensate you for your cost of completing the service, plus a reasonable profit. When we received your invoice for $280.00, we assumed that this represented your standard charge for cleaning, which would include your cost of handling the cleaning, plus a reasonable profit, i.e. the same amount you would charge the consumer for the cleaning, if it were not under warranty. If this is not the case, please provide additional information to clarify and explain what the actual cost was with supporting documentation and we will give further consideration to your claim.

### Claim #277205

This claim is not a consumer warranty claim, but an administrative pricing claim which was credited to your company. Since this is not a consumer warranty claim, the Song Beverly Statute does not apply and additional compensation is not available.

32

**FLOORINGMAX, INC.**
**OXNARD, CA**
**ACCOUNT #0002505**

**VII.    NO CLAIM IN OUR RECORDS**

You have submitted a request for compensation relative to a claim that we can find no record of ever receiving or handling.   You refer to Shaw Invoice #8838197 dated 03/02/04 and you are requesting credit from Shaw for material and labor in the amount of $1,361.27 and a handling fee defined as profit in the amount of $374.93 for a total amount of $1,736.20.

As noted above, our records do not indicate that we have ever received or handled an original claim on this matter.   Please submit a claim with all required information relevant to the problem and once received, we will initiate and investigate this claim and proceed until it is resolved.   Once we have sufficient information to consider this an approved warranty claim, we will issue appropriate credit to your account according to the warranty coverage and will address your request for a handling fee.

# EXHIBIT F



**Shaw Industries, Inc.**
Financial Services Department
P.O. Box 40
Dalton, GA 30722-0040

June 16, 2008

MR. JIMMY POULOUS, PRESIDENT
FLOORING MAX, INC.
1600 SOUTH OXNARD BLVD
OXNARD CA 93030

RE: Claims received by Shaw in response to the Notice of Final Settlement Approval – Case #BC281764

Dear Mr. Poulous:

We are in receipt of your letter of March 28, 2005 and its attached information, sent to us by Priority US Mail, postmarked May 21, 2008   Apparently, this information is being sent to us in response to our communication of more than three years ago, March 14, 2005, which responded to your company's request for claims compensation related to the above listed settlement.

Please note that your letter of March 28, 2005, is addressed to an unidentified P.O. Box number and to Dalton, CA. Our address, as listed on both our March 14, 2005 correspondence and The Notice of Final Settlement Approval is P.O. Box 40, Dalton, GA.

We will review the information provided to determine whether all of the amount that we agreed to compensate to your company in our March 14, 2005 response was credited to your account. If there are any amounts that were not credited, we will see that they are credited to your account promptly. However, we respectfully decline further examination and review of the claims information you have provided relevant to this final settlement, which was approved and activated more than three years ago.

The Notice of Final Settlement Approval states that "in the event that Shaw rejects a warranty claim in whole or in part, the claimant may take the matter to arbitration. Dealers who wish to arbitrate a partially or wholly rejected warranty claim must file a written demand within fifteen (15) days of notification by Shaw that all or a part of the claim has been denied." Your claims information is untimely under the governing statutes of limitations and under the settlement agreement.

Sincerely,

Steve Ogletree
Sr. Regional Claims Manager

SO/mkl

Attachment

# EXHIBIT G



June 24, 2008

Shaw Industries, Inc.
Steve Olgetree
PO Box 40
Dalton, GA 30722

Re:  Demand for Arbitration
     Certified Mail 7007 0710 0005 5285 7888

Dear Mr. Olgetree,

Attached is a copy of the demand for arbitration filed with ADR Services, Inc.  In
addition, please find the attached Notice of Final Settlement Approval.

Please note this is the same information that was sent via fax.

Kind Regards,

John Doimas

# DEMAND FOR ARBITRATION
### Before ADR Services, Inc.



TO RESPONDENT (Name) __Shaw Industries, Inc.__

(Address) __PO BOX 40__

(City) __Dalton__ (State) __GA__ (Zip) __30722__

Telephone __(706) 275-5890__ Fax __(706) 428-8512__

CLAIMANT: (Name) __Flooring 101, Inc. (formerly known as Flooringmax, Inc.)__

NATURE OF DISPUTE: Claimant hereby demands that you submit the following dispute to arbitration.

ARBITRATION AGREEMENT: This demand is made pursuant to the arbitration agreement you made,
as follows (quote arbitration agreement and attach copy):
   Notice Final Settlement as set forth by the Superior Court of California, county of Los Angeles,
   stipulates the arbitration agreement; copy attached

CLAIM OR RELIEF SOUGHT (describe):
   Seeking compensation pursuant to the settlement of the final judgement of the class action suit of Joe
Berthiaum, Kenneth W. Crawford, & Tuttles, Inc. VS. Shaw Industries has failed to pay.

RESPONSE: You may file response and counter-claim to the claim stated above. Send the original of the
response and counter-claim to the Claimant at the address stated below, with copies to Action Dispute
Resolution Services.

Select one:
   ☐   Designated by clause.
   ☐   Please have ADR Services, Inc. provide a list.

Date: __June 24, 2008__

Name __Dimitrios Poulos__

Signed (Attorney) __Dimitrios P. Poulos__

Address __1660 South Oxnard Blvd  Oxnard, California 93030__

Telephone __(805) 486-5587__ Fax __(805) 486-7071__

For more information, please contact ADR Services, Inc.

1900 Avenue of the Stars, Suite 250 • Los Angeles • CA 90067-4305 • (800) 558-ADRS • (310) 201-0010 • Fax (310) 201-0016
www.adrservices.org

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

Case No. BC281764

Dept. 74
Teresa Sanchez-Gordon, Presiding

*JOE BERTHIAUME, an individual, dba CARPETS AND SUCH; KENNETH W. CRAWFORD, an individual, dba DICK'S CARPET OUTLET; and TUTTLE'S, INC., a corporation*

Plaintiffs,

vs.

*SHAW INDUSTRIES, INC., a corporation; DOES 1-50,*

Defendants.

### NOTICE OF FINAL SETTLEMENT APPROVAL

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU THAT, ON SEPTEMBER 27, 2004, THIS COURT HAS GRANTED FINAL APPROVAL TO A SETTLEMENT OF THE CLASS ACTION ON BEHALF OF CERTAIN SHAW DEALERS WHO PERFORMED WORK IN CONNECTION WITH FLOOR COVERING PRODUCTS UNDER WARRANTY BY SHAW INDUSTRIES, INC. ("SHAW"), AND THAT JUDGMENT HAS BEEN ENTERED IN FAVOR OF SHAW ON THE MERITS.

**PLEASE READ THIS NOTICE CAREFULLY. IT ADVISES YOU OF YOUR RIGHTS UNDER THE SETTLEMENT AND WHAT YOU MAY DO TO PROTECT THEM. SHAW'S RECORDS SHOW THAT YOU WERE A SHAW DEALER BETWEEN SEPTEMBER 19, 1998 AND THE DATE OF THIS NOTICE AND THAT YOU DID NOT OPT-OUT OF OR OBJECT TO THE SETTLEMENT OF THIS ACTION. AS SUCH, YOU MAY BE ENTITLED TO CERTAIN COMPENSATION, BUT YOU MUST FOLLOW THE SPECIFIED PROCEDURES TO BE COMPENSATED.**

The settlement provides that Shaw will ensure that Shaw employees are aware of and remain in full compliance with the Song-Beverly Act, and other relevant law for purposes of California warranty claims submitted to Shaw. Shaw is committed to complying with the law in all respects in the handling of California warranty claims. The settlement however does not preclude Shaw from changing its policies or negotiating separate agreements with its retail dealers including those in the settlement class to govern its business relationships so long as Shaw complies with any applicable state or federal laws, including the Song-Beverly Consumer Warranty Act.

With respect to past claims, the settlement provides that you may submit and/or resubmit any claim for compensation and reimbursement of costs recoverable under applicable law for any Warranty Activities that was first submitted or could have been submitted between September 18, 1998 and June 16, 2004 (hereinafter, claims so submitted or resubmitted are referred to as "Warranty Claims"). Dealers wishing to submit Warranty Claims to Shaw must do so within sixty (60) days of the date of this Notice of Final Settlement. Warranty Claims that are not submitted in a timely manner will not be considered. All submitted Warranty Claims must be accompanied by reasonable documentation supporting the claim, as described by Shaw's guidelines, a copy of which is attached to this notice. Shaw will review all submitted or resubmitted Warranty Claims in the same manner as it administers other claims, and if after review, it finds a claim to be reasonable in light of the supporting documentation, and applicable warranty coverage, Shaw will compensate the dealer accordingly.

All claims should be sent to Shaw Industries, Inc. Attn: Steve Ogletree, P.O. Box 40, Dalton, Georgia 30720.

In the event that Shaw rejects a Warranty Claim in whole or in part, the claimant may take the matter to arbitration. Dealers who wish to arbitrate a partially or wholly rejected Warranty Claim must file a written demand within fifteen (15) days of notification by Shaw that all or a part of the claim has been denied. If no demand for arbitration is filed during that time, the right to arbitrate is waived and Shaw will pay out any amount that it has agreed should be paid. If a claimant chooses to pursue arbitration, the claim must be filed with ADR Services, Inc., 1900 Avenue of the Stars, Suite 250, Los Angeles, California, 90067, (310) 201-0010, with a copy to Shaw. The settlement contemplates a binding arbitration proceeding by a retired judge affiliated with ADR Services, Inc., a neutral organization, who will make the decision based on the written claim submitted to Shaw and Shaw's written response. It is contemplated that the time the

arbitrator will spend on each claim will generally not exceed one or two hours. Shaw will pay any up front administrative fee. The arbitrator's fees will be borne by the party who does not prevail in the arbitration. If the arbitrator awards an amount which exceeds Shaw's final offer, then the claimant will be the prevailing party and Shaw shall pay the arbitrator's fee. The arbitrator's fee will be approximately $250-300 per hour. If the arbitrator awards an amount equal to or less than Shaw's final offer, then Shaw will be the prevailing party and the claimant shall pay the arbitrator's fee. The arbitrator's decision and award will be binding on all parties and may be submitted to the Superior Court of the State of California for the County of Los Angeles or any other court of competent jurisdiction for entry of judgment in favor of the prevailing party if not paid within thirty (30) days of the award.

Do not call or write to the Court or the Clerk of the Court. You may contact the class counsel to obtain more information. A copy of the Settlement Agreement may be obtained from class counsel whose name and address are set forth below.

<u>**Counsel for the Class**</u>:

A. Clifton Hodges, Esq.
HODGES AND ASSOCIATES
4 East Holly Street, Suite 202
Pasadena, California 91103
Telephone: (626) 564-9797
Facsimile: (626) 564-9111

<u>**Counsel for Shaw Industries, Inc.**</u>

Karen Wildau, Esq.
W. Scott Sorrels, Esq.
Powell, Goldstein, Frazer & Murphy LLP
191 Peachtree Street, N.E.
Sixteenth Floor
Atlanta, Georgia 30303
Telephone: (404) 572-6600
Facsimile:  (404) 572-6999

Phillip A. Davis, Esq.
Sheppard, Mullin, Richter & Hampton
333 S. Hope Street, 48th Floor
Los Angeles, California 90071
Telephone: (213) 620-1780
Facsimile:  (213) 620-1398

Dated:  September 27, 2004

_____
Honorable Teresa Sanchez-Gordon
Judge of the Los Angeles Superior Court

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Scott, clee_    ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

S. Cactyson

1. Article Addressed to:

Shaw Industries Inc
PO Box 40
Dalton, GA 30722

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

GA 30720

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7007 0710 0005 5285 7888

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT H

JUN 3 0 ...

**ADR**
SERVICES, INC.

June 27, 2008

DIMITRIOS POULOS, IN PRO PER
1160 South Oxnard Boulevard
Oxnard, California 93030

1900 Avenue of the Stars
Suite 250
Los Angeles, CA 90067
(310) 201-0010 Tel.
(310) 201-0016 Fax

Steven Olgetree
SHAW INDUSTRIES, INC.
P.O. BOX 40
Dalton, Georgia 30722

www.adrservices.org

RE:   *FLOORING 101, INC. v. SHAW INDUSTRIES, INC.*
      *ADRS Case No. 08-3419*

Dear Parties:

This letter will acknowledge receipt of a Demand for Arbitration from Claimant, Flooring 101, Inc. (formerly known as Flooringmax, Inc.) in the above-referenced matter. Pursuant to the Notice of Final Settlement Approval, dated September 27, 2007 in the matter of *Berthiaume et al. v. Shaw Industries Inc.*, the arbitration will be conducted according to the arbitration rules as set forth by ADR Services. We are writing to outline the procedure for setting up the arbitration.

Respondent, Shaw Industries, Inc., has *fifteen (15) days* from the date of this letter to file an Answering Statement to the demand for arbitration. Such statement should be simultaneously served upon Claimant and ADR Services. If no statement is received from respondent on or before *Monday, July 14, 2008*, ADR Services will proceed as if respondent's claim has been denied. Failure to file an answering statement shall not operate to delay the arbitration.

Upon receipt of Respondent's Answering Statement or the expiration of the deadline mentioned above, ADR Services will commence the arbitrator selection process. ADR Services will provide Claimant and Respondent with an identical list containing a minimum of five names of potential arbitrators. The parties are encouraged to agree on an arbitrator. You may view our Commercial Contract/General Business panel list by visiting our website at www.adrservices.org. If the parties are unable to agree, they will have ten (10) days from the transmittal date of the list of arbitrators in which to strike up to three names, number the remaining names in order of preference, and return the list to ADR Services. The arbitrator most acceptable to the parties as indicated by your preferences will be appointed.

If there are any further questions, please do not hesitate to contact me at the numbers above.

Sincerely,

Jessica Stock, JD, LLM
Director of Operations

M:\Open Files\D-F\FLOORING 101, INC. v. SHAW INDUSTRIES ltr1.doc

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Jem_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)

Jennah Fisher

C. Date of Delivery 6/26/08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

ADR Services
1900 Avenue of the Stars, Ste. 250
Los Angeles, CA 90067

Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

☐ Yes

2. Article
(Tra

PS Fo

02595-02-M-1540



June 24, 2008

ADR Services
Attention:  Lucie Baron
1900 Avenue of the Stars, Suite 250
Los Angeles, CA 90067

Re:  Demand for Arbitration
     Certified Mail 7007 0710 0005 5285 7895

Dear Ms. Baron,

Attached is a copy of the demand for arbitration filed with ADR Services, Inc.  In addition, please find the attached Notice of Final Settlement Approval.

Please note this is the same information that was sent via fax.

Kind Regards,

Marjory Doimas

# DEMAND FOR ARBITRATION
Before ADR Services, Inc.



TO RESPONDENT (Name) __Shaw Industries, Inc.__

(Address) __PO BOX 40__

(City) __Dalton__ (State) __GA__ (Zip) __30722__

Telephone __(706) 275-5890__ Fax __(706) 428-8512__

CLAIMANT: (Name) __Flooring 101, Inc. (formerly known as Flooringmax, Inc.)__

NATURE OF DISPUTE: Claimant hereby demands that you submit the following dispute to arbitration.

ARBITRATION AGREEMENT: This demand is made pursuant to the arbitration agreement you made, as follows (quote arbitration agreement and attach copy):
    Notice Final Settlement as set forth by the Superior Court of California, county of Los Angeles, stipulates the arbitration agreement; copy attached

CLAIM OR RELIEF SOUGHT (describe):
    Seeking compensation pursuant to the settlement of the final judgement of the class action suit of Joe Berthiaum, Kenneth W. Crawford, & Tuttles, Inc. VS. Shaw Industries has failed to pay.

RESPONSE: You may file response and counter-claim to the claim stated above. Send the original of the response and counter-claim to the Claimant at the address stated below, with copies to Action Dispute Resolution Services.

Select one:
- ☐ Designated by clause.
- ☐ Please have ADR Services, Inc. provide a list.

Date: __June 24, 2008__

Name __Dimitrios Poulos__

Signed (Attorney) _____

Address __1660 South Oxnard Blvd  Oxnard, California 93030__

Telephone __(805) 486-8587__ Fax __(805) 486-7071__

*For more information, please contact ADR Services, Inc.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

Case No. BC281764

Dept. 74
Teresa Sanchez-Gordon, Presiding

JOE BERTHIAUME, an individual, dba CARPETS AND SUCH; KENNETH W. CRAWFORD, an individual, dba DICK'S
CARPET OUTLET; and TUTTLE'S, INC., a corporation

Plaintiffs,

vs.

SHAW INDUSTRIES, INC., a corporation; DOES 1-50,

Defendants.

## NOTICE OF FINAL SETTLEMENT APPROVAL

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU THAT, ON SEPTEMBER 27, 2004, THIS COURT HAS
GRANTED FINAL APPROVAL TO A SETTLEMENT OF THE CLASS ACTION ON BEHALF OF CERTAIN SHAW
DEALERS WHO PERFORMED WORK IN CONNECTION WITH FLOOR COVERING PRODUCTS UNDER
WARRANTY BY SHAW INDUSTRIES, INC. ("SHAW"), AND THAT JUDGMENT HAS BEEN ENTERED IN FAVOR OF
SHAW ON THE MERITS.

**PLEASE READ THIS NOTICE CAREFULLY. IT ADVISES YOU OF YOUR RIGHTS UNDER THE SETTLEMENT
AND WHAT YOU MAY DO TO PROTECT THEM. SHAW'S RECORDS SHOW THAT YOU WERE A SHAW DEALER
BETWEEN SEPTEMBER 19, 1998 AND THE DATE OF THIS NOTICE AND THAT YOU DID NOT OPT-OUT OF OR
OBJECT TO THE SETTLEMENT OF THIS ACTION. AS SUCH, YOU MAY BE ENTITLED TO CERTAIN
COMPENSATION, BUT YOU MUST FOLLOW THE SPECIFIED PROCEDURES TO BE COMPENSATED.**

The settlement provides that Shaw will ensure that Shaw employees are aware of and remain in full compliance with
the Song-Beverly Act, and other relevant law for purposes of California warranty claims submitted to Shaw. Shaw is
committed to complying with the law in all respects in the handling of California warranty claims. The settlement
however does not preclude Shaw from changing its policies or negotiating separate agreements with its retail dealers
including those in the settlement class to govern its business relationships so long as Shaw complies with any applicable
state or federal laws, including the Song-Beverly Consumer Warranty Act.

With respect to past claims, the settlement provides that you may submit and/or resubmit any claim for
compensation and reimbursement of costs recoverable under applicable law for any Warranty Activities that was first
submitted or could have been submitted between September 18, 1998 and June 16, 2004 (hereinafter, claims so
submitted or resubmitted are referred to as "Warranty Claims"). Dealers wishing to submit Warranty Claims to Shaw
must do so within sixty (60) days of the date of this Notice of Final Settlement. Warranty Claims that are not submitted
in a timely manner will not be considered. All submitted Warranty Claims must be accompanied by reasonable
documentation supporting the claim, as described by Shaw's guidelines, a copy of which is attached to this notice.
Shaw will review all submitted or resubmitted Warranty Claims in the same manner as it administers other claims, and if
after review, it finds a claim to be reasonable in light of the supporting documentation, and applicable warranty
coverage, Shaw will compensate the dealer accordingly.

All claims should be sent to Shaw Industries, Inc., Attn: Steve Oglefree, P.O. Box 40, Dalton, Georgia 30720.

In the event that Shaw rejects a Warranty Claim in whole or in part, the claimant may take the matter to arbitration.
Dealers who wish to arbitrate a partially or wholly rejected Warranty Claim must file a written demand within fifteen (15)
days of notification by Shaw that all or a part of the claim has been denied. If no demand for arbitration is filed during
that time, the right to arbitrate is waived and Shaw will pay out any amount that it has agreed should be paid. If a
claimant chooses to pursue arbitration, the claim must be filed with ADR Services, Inc., 1900 Avenue of the Stars, Suite
250, Los Angeles, California, 90067, (310) 201-0010, with a copy to Shaw. The settlement contemplates a binding
arbitration proceeding by a retired judge affiliated with ADR Services, Inc., a neutral organization, who will make the
decision based on the written claim submitted to Shaw and Shaw's written response. It is contemplated that the time the

arbitrator will spend on each claim will generally not exceed one or two hours. Shaw will pay any up front administrative fee. The arbitrator's fees will be borne by the party who does not prevail in the arbitration. If the arbitrator awards an amount which exceeds Shaw's final offer, then the claimant will be the prevailing party and Shaw shall pay the arbitrator's fee. The arbitrator's fee will be approximately $250-300 per hour. If the arbitrator awards an amount equal to or less than Shaw's final offer, then Shaw will be the prevailing party and the claimant shall pay the arbitrator's fee. The arbitrator's decision and award will be binding on all parties and may be submitted to the Superior Court of the State of California for the County of Los Angeles or any other court of competent jurisdiction for entry of judgment in favor of the prevailing party if not paid within thirty (30) days of the award.

Do not call or write to the Court or the Clerk of the Court. You may contact the class counsel to obtain more information. A copy of the Settlement Agreement may be obtained from class counsel whose name and address are set forth below.

<u>Counsel for the Class</u>:

A. Clifton Hodges, Esq.
HODGES AND ASSOCIATES
4 East Holly Street, Suite 202
Pasadena, California 91103
Telephone: (626) 564-9797
Facsimile: (626) 564-9111

<u>Counsel for Shaw Industries, Inc.</u>

Karen Wildau, Esq.
W. Scott Sorrels, Esq.
Powell, Goldstein, Frazer & Murphy LLP
191 Peachtree Street, N.E.
Sixteenth Floor
Atlanta, Georgia 30303
Telephone: (404) 572-6600
Facsimile:  (404) 572-6999

Phillip A. Davis, Esq.
Sheppard, Mullin, Richter & Hampton
333 S. Hope Street, 48th Floor
Los Angeles, California 90071
Telephone: (213) 620-1780
Facsimile:  (213) 620-1398

Dated:  September 27, 2004

_____
Honorable Teresa Sanchez-Gordon
Judge of the Los Angeles Superior Court

# EXHIBIT I

LAW OFFICES OF

WILLIAM H. HAIR
ROBERT L. COMPTON
MARC L. CHARNEY
RONALD H. GILL
LARRY E. HINES
KENNETH M. HIGE, JR.
MICHAEL C. O'BRIEN
RANDALL H. GEORGE
PAUL W. KURZLKA
ANTHONY H. TREMILEY
JONATHAN FRASER LIGHT
WILLIAM F. WINFIELD
CHRISTOPHER K. KITASAKI
SCOTT B. SAMSKY
GLENN J. DICKINSON
NANCY MILLEN
JOEL MARIN
DIANE L. BECKEN
MARIA L. CAPRITTO
NANCY KIERSTYN SCHREINER
KAREN L. GABLER
MEGHAN D. CLARK
MELISSA N. GRAHAM
CHRISTA R. SAPPAN
MICHAEL J. CARROLL
SYLVIA SOTO
ANGELA V. LOPEZ
JOSHUA M. BEGE
CHRISTOPHER A. KUNST
MELISSA C. SCHULT
BRIAN D. HEFELFINGER
RANNON L. JOHNSON
DAKEN K. VAUGHN
PETER B. BROMAGHIM

## NORDMAN CORMANY HAIR & COMPTON LLP

1000 TOWN CENTER DRIVE
SIXTH FLOOR
OXNARD, CALIFORNIA 93036-1132
(805) 485-1000

6TH FLOOR FAX (805) 988-8387
5TH FLOOR FAX (805) 988-8397

WEBSITE  WWW.NCHC.COM

BEN E. NORDMAN
(1913 - 1995)

RALPH L. CORMANY
(1921 - 2002)

LOUIS A. CAPPADONA
PHILIP C. ORESCHER
DAVID L. CUNNINGHAM
(OF COUNSEL)

16133 VENTURA BOULEVARD
PENTHOUSE A
FRESNO, CALIFORNIA 93436
(818) 981-8080
FAX (818) 789-8947

WRITER'S DIRECT DIAL
(805) 988-8944

WRITER'S DIRECT FAX
(805) 988-7298

WRITER'S EMAIL ADDRESS
ALOPEZ@NCHC.COM

September 4, 2008

**VIA E-MAIL KWILDAU@POGOLAW.COM**

Karen Wildau
Powell Goldstein LLP
One Atlantic Center - Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA  30309-3488

> Re:  **Demand for Arbitration by Flooring 101 against Shaw
> Industries, Inc.**

Dear Ms. Wildau:

This firm has been retained by Flooring 101, Inc. ("Flooring 101") in connection with its demand for arbitration against Shaw Industries, Inc. ("Shaw") made on June 24, 2008 (the "Arbitration").  Please direct all future correspondence on this topic to the undersigned.

I am in receipt of your letter to Jessica Stock ("Ms. Stock") at ADR Services, Inc. dated July 1, 2008 (the "July 2008 Letter").  The July 2008 Letter argues that ADR Services, Inc. has no jurisdiction to entertain Flooring 101's demand for arbitration.  As set forth in greater detail below, the July 2008 Letter contains several factual inaccuracies, including your assertion that Flooring 101's demand was untimely.

In sum, the July 2008 Letter is not a proper basis for Shaw's refusal to proceed with the arbitration as demanded.  We are carbon copying ADR Services on this correspondence.  We expect that Shaw will immediately withdraw its improper objection to the arbitration and inform ADR Services of its agreement to arbitrate this matter by September 15, 2008.  Should Shaw refuse to withdraw its objection to

Karen Wildau
Powell Goldstein LLP
September 4, 2008
Page 2

the Arbitration, Flooring 101 will move to compel Shaw's attendance at the Arbitration and will seek recovery of all attorney's fees and costs incurred by Flooring 101 in making this motion.

    1.    <u>Shaw Agreed To Provide Reimbursements Pursuant To The Class Action Settlement</u>

As I am sure you are aware, Shaw was the defendant in a class action suit brought by California retail carpet dealers (the "Class Action Suit"). The action was titled *Berthiaume v. Shaw Industries*, Inc., Los Angeles Superior Court Case Number BC281764. The claims against Shaw included allegations that Shaw had not properly compensated its dealers for activities undertaken in connection with the service, repair and replacement of floor covering produces covered by warranty, and that Shaw's actions were violations of the Song-Beverly Consumer Warranty Act, breaches of contract pursuant to the California Uniform Commercial Code, and acts of unfair competition.

As I am also sure you are aware, Shaw decided to settle the Class Action Suit and agreed to reimburse class members for compensation and reimbursement of costs for warranty claims.

The Notice of Final Settlement provided that "[d]ealers wishing to submit Warranty Claims to Shaw must do so within sixty (60) days of the date of this Notice of Final Settlement." A true and correct copy of the Notice of Final Settlement Approval is enclosed as Exhibit "A" with this letter. The Notice of Final Settlement was dated September 27, 2004.

    2.    <u>Flooring 101 Timely Submitted Its Claims For Payment As Required By The Notice Of Final Settlement</u>

Flooring 101 timely submitted its claims for payment by correspondence on November 23, 2004 (the "Claim Letter"). The Claim Letter was sent within the sixty (60) day timeframe provided in the Notice of Final Settlement. A copy of the chart accompanying the voluminous documents comprising the Claim Letter and the confirmation of the shipping detail is enclosed with this letter as Exhibit "B." We are happy to send the entire Claim Letter upon your request.

Shaw acknowledged receipt of Flooring 101's Claim Letter in a response letter dated March 14, 2005 from Steve Ogletree, Senior Regional Claims Manager for Shaw (the "Response Letter"). The Response Letter is written evidence of Shaw's receipt of Flooring 101's claims submitted in November 2004 and well

Karen Wildau
Powell Goldstein LLP
September 4, 2008
Page 3

within the deadline imposed by the settlement. In fact, the Response Letter is titled "Re: CLAIMS RECEIVED BY SHAW IN RESPONSE TO THE NOTICE OF FINAL SETTLEMENT APPROVAL – CASE #BC281764." A copy of the Response Letter is enclosed with this letter as Exhibit "C."

     3.    <u>Shaw Responded To Flooring 101's Claim Letter, But Did Not Reject The Claims As Necessary To Begin The 15 Day Period In Which Flooring 101 Could Demand Arbitration</u>

The July 2008 Letter relies on the incorrect factual assertion that Shaw rejected Flooring 101's claims in the Response Letter. Shaw never rejected the vast majority of Flooring 101's claims in the Response Letter; rather, Shaw credited Flooring 101 in the sum of $50 for each at-issue claim and then requested additional information and documents before rejecting or denying the claims. In the Response Letter, Shaw separates Flooring 101's claims into four separate categories, only one of which purported to reject any claims. Of the three other categories of claims, Shaw requested additional documentation before it could make a final determination. <u>See</u> <u>e.g.</u> Response Letter, page 2 ("In order to give consideration to these requests, we require that you provide us with specific information and detail to explain why you believe these amounts are due and applicable pursuant to the Song Beverly Statute"). The documentation requested by Shaw as costly, burdensome and extremely time-consuming to gather.

Shaw set no time limit on Flooring 101's submission of additional documentation. To the contrary, Mr. Olgetree repeatedly orally assured Flooring 101 on multiple occasions that the additional documents would be considered if submitted. Flooring 101 periodically called Mr. Ogletree to update him as to the status of the additional documentation. At no time did Mr. Ogletree tell Flooring 101 that the claims would not considered after a given date. Flooring 101 was entitled to rely on the authority of Mr. Ogletree and did, in fact, rely on Mr. Ogletree's assurances. As Shaw's Senior Regional Claims Manager, Mr. Ogletree had actual authority to allow Flooring 101 as much time as needed to gather the requested documentation.

In addition, Flooring 101 informed Shaw's credit department on more than one occasion that they would not be using the $50 credits issued by Shaw because the total amount due from Shaw to Flooring 101 was in dispute. During those conversations, Flooring 101 referred the credit department to Mr. Olgetree because Mr. Olgetree was handling the claim and aware of Flooring 101's position. At all times, Mr.Olgetree was well aware of Flooring 101's intent to submit further

Karen Wildau
Powell Goldstein LLP
September 4, 2008
Page 4

documentation.  At no time did Mr. Olgetree tell Flooring 101 that there was any deadline to submit the requested information.

    4.    <u>Shaw Did Not Reject Flooring 101's Claims Until June 16, 2008</u>.

In reliance on Mr. Olgetree's assurances, Shaw sent the additional documentation relating to its claims.  Despite Flooring 101's submission of additional documentation, Mr. Olgetree refused to further examine Flooring 101's claims in correspondence dated June 16, 2008 (the "Rejection Letter").  A true and correct copy of the Rejection Letter is enclosed with this letter as Exhibit "D."

For the first time, Mr. Olgetree asserted that Flooring 101 should have demanded arbitration within fifteen days of receipt of the Response Letter in March 2005.  However, as set forth above, the Response Letter did not reject Flooring 101's claims but merely asked for more documentation.  Accordingly, the fifteen day deadline did not start running upon Flooring 101's receipt of the Response Letter.  Indeed, the deadline *could not have started running* until the claims were rejected.

Shaw's reliance on the fifteen day deadline in refusing to arbitrate the claims is improper because Shaw did not reject the at-issue claims until June 16, 2008.  The Rejection Letter rejected all the claims made in Flooring 101's Claim Letter and took the position that the supporting documentation was submitted in an untimely manner.  At no time prior to the Rejection Letter did Shaw reject Flooring 101's claims.

    5.    <u>Flooring 101 Timely Demanded Arbitration On June 24, 2008</u>

After Shaw's rejection of the at-issue claims in the Rejection Letter, Flooring 101 had fifteen days to submit a written demand for arbitration.  Accordingly, Flooring 101 had until July 1, 2008 to demand arbitration pursuant to the Notice of Final Settlement.

Flooring 101 timely demanded arbitration on June 24, 2008.  Flooring 101's demand for arbitration is acknowledged by a letter from Jessica Stock ("Ms. Stock") at ADR Services, Inc. dated June 27, 2008.  A copy of the letter from Ms. Stock is enclosed with this letter as Exhibit "E."

In the letter, Ms. Stock notified Shaw that the Arbitration had been successfully initiated by Flooring 101 and that Shaw had fifteen (15) days in which to file an Answering Statement.  Ms. Stock also warned that "[i]f no statement is

Karen Wildau
Powell Goldstein LLP
September 4, 2008
Page 5

received from [Shaw] on or before Monday, July 14, 2006, ADR Services will proceed as if [Shaw's] claim has been denied."

To date, Shaw has not filed any Answering Statement.  Instead, Shaw has improperly refused to proceed with Arbitration.

6.    <u>Shaw Is Required To Proceed With Arbitration In This Matter</u>

Shaw's refusal to arbitrate is in bad faith and contrary to the terms of the Notice of Final Settlement.  Shaw did not reject Flooring 101's at-issue claims until June 16, 2008.  Until the time that Shaw rejected Flooring 101's claims, Flooring 101 could not have demanded arbitration of the rejection.  Since Shaw did not reject the claims until June 16, 2008, Flooring 101 had until July 1, 2008 to submit its demand for arbitration.  Flooring 101 timely submitted its demand for arbitration on June 24, 2008.

It appears that Shaw is acting in bad faith in connection with settling claims pursuant to the settlement.  Instead of crediting Flooring 101 with the full amount of funds due pursuant to the settlement, Shaw instead requested unnecessary supporting documentation without ever rejecting the claims.  Submission of the requested additional documentation was costly and burdensome.  Knowing that the documentation would be difficult and time-consuming to gather, Shaw never gave a deadline for submission of the additional documentation and, in fact, orally assured Flooring 101 that it would consider the additional documentation long after Shaw requested its submission.  Now, when faced with the prospect of actually paying the funds owed pursuant to the settlement, Shaw refuses to attend an arbitration demanded by one of the class members.  It seems likely that Shaw has engaged in similar tactics with other class members – requesting burdensome and costly supporting documentation, issuing oral assurances that the documentation would still be considered if submitted, rejecting the claims if the class members were able to spare the time, cost and resources necessary to comply with Shaw's demand for additional documentation, and then refusing the mediate in good faith after the claims were finally denied.  In fact, Flooring 101 has been informed that several other class members have faced similar problems with Shaw's settlement procedures.

Flooring 101 is resolved to pursing Shaw's rejection of its claims.  We expect that Shaw will withdraw its objection and communicate its agreement to participate in the Arbitration to ADR Services by September 15, 2008.  Should Shaw refuse to do so, Flooring 101 plans to move to compel arbitration in Los Angeles County

Karen Wildau
Powell Goldstein LLP
September 4, 2008
Page 6

Superior Court and to seek recovery of all attorney's fees and costs incurred in this
motion.

Flooring 101 also reserves all legal rights and remedies, including the right to
pursue additional claims against Shaw for fraud, breach of the covenant of good
faith and fair dealing and violation of Business and Professions Code section 17200.

If you have any questions about the foregoing, please contact the
undersigned. If we have received no response from Shaw by September 15, 2008,
Flooring 101 will proceed with its motion to compel arbitration without further
delay.

Very truly yours,

NORDMAN CORMANY HAIR & COMPTON LLP

Angela V. Lopez

AVL:mcp
Enclosures
cc:    Flooring 101

# EXHIBIT J



POWELL
GOLDSTEIN LLP

Atlanta  •  Washington  •  Dallas

RESIDENT IN ATLANTA OFFICE
DIRECT DIAL: (404) 572-6962
KWILDAU@POGOLAW.COM

September 15, 2008

**VIA EMAIL AND U.S. MAIL**

Angela V. Lopez
Nordman Cormany
     Hair & Compton LLP
1000 Town Center Drive
Sixth Floor
Oxnard, California  93036-1132

      Re:   Demand for Arbitration by Flooring 101 against
            Shaw Industries, Inc.

Dear Ms. Lopez:

     This will acknowledge your letter of September 4, 2008 ("Letter").  On behalf of Shaw Industries, Inc., I write to advise you that Shaw will not withdraw its objection to arbitration for the reasons set forth below, in addition to those reasons set forth in earlier correspondence concerning your client's claims.

     Initially, your letter is based upon an incorrect assumption and a faulty premise.  You state on page 2 of your Letter that "Shaw decided to settle the class action and agreed to reimburse class members for compensation and reimbursement of costs for warranty claims".  Shaw made no such agreement. Instead, as is clear from the Notice of Final Settlement, paragraph 2 says:

     YOU MAY BE ENTITLED TO CERTAIN COMPENSATION, BUT YOU
     MUST FOLLOW THE SPECIFIED PROCEDURES TO BE
     COMPENSATED".  [Emphasis in original]

     The Notice also states:

     All Submitted Warranty Claims must be accompanied by reasonable documentation supporting the claim, <u>as described by Shaw's guidelines</u>, a copy of which is attached to this Notice. Shaw <u>will review all submitted or resubmitted warranty claims</u> in the same manner as it administers other claims, and <u>if after review, it finds a claim to be reasonable in light of the supporting documentation</u>, and <u>applicable warranty coverage</u>, <u>Shaw will compensate the dealer accordingly</u>. [Emphasis added].

Ms. Angela V. Lopez
September 15, 2008
Page 2

You state twice in your Letter that the documentation requested by Shaw (and required by the Notice of Final Settlement) was "costly, burdensome, difficult and extremely time-consuming to gather" (pp. 3, 5). And, you state that Flooring 101 periodically "called Mr. Ogletree to update him as to the status of the additional documentation".

Mr. Ogletree denies having any conversations with anyone at Flooring 101 such as you describe and there is nothing in writing of which we are aware to substantiate your claims. Moreover, it is the custom and practice of the Credit Department to record the substance of conversations with Shaw's customers and to keep a running record of the department's communications and agreements with its customers. There is absolutely no record of the conversations and assurances which your client alleges occurred.

Significantly, your letter wholly ignores one critical fact, a fact which entirely undermines Flooring 101's claim. Notwithstanding Flooring 101's claim that the documentation Shaw requested was "costly, burdensome, difficult and extremely time consuming to gather", assuming receipt of Shaw's March 19, 2005 letter on March 20, Flooring 101 had at best only 9 business days to compile the documentation requested. Nowhere does your letter address the fact that over 3 years have passed since that letter was mailed without any response having been received from Shaw, nor is there any written communication from your client inquiring as to why no response was received to its March 25, 2005 letter.

Your client's contention that Mr. Ogletree "repeatedly orally assured Flooring 101 on multiple occasions that the additional documents would be considered if submitted" is entirely inconsistent with all of these facts.

It is quite clear from Shaw's March 19, 2005 letter that a number of claims were rejected outright and others were rejected contingent upon receiving adequate and reasonable documentation, as required by the Notice of Final Settlement. Moreover, by Flooring 101's own admission, the dispute between it and Shaw crystallized and was ripe for arbitration by March 25, 2005, when Flooring 101 rejected Shaw's offer to credit certain amounts in connection with some of Flooring 101's claims. ("Flooring Max vehemently disagrees with the small amount of credit issued and opted not to utilize any of the credit memos until the matter is resolved". March 28, 2005 letter, p. 3).

Ms. Angela V. Lopez
September 15, 2008
Page 3

If the March 25, 2005 letter was actually written on that date, it was misaddressed. It is without dispute that Shaw did not receive the letter until May of 2008. At the very least, your client cannot now claim to have sent a letter dated March 25, 2005 purporting to respond to Shaw's March 19, 2005 letter with the requested documentation and at the same time say it was continuing to prepare documentation to respond to that same letter, particularly in the absence of any written response from Shaw in the interim addressing any of the claims and the adequacy or inadequacy of the responses in the March 25th letter. It is more than a little unusual that Flooring 101 made no written demand or record of any kind in over three years when its letter of March 25th received no written response. Under these circumstances, it is difficult to understand why Flooring 101 is accusing Shaw of acting in bad faith.

Finally, the documentation which was submitted is wholly inadequate. All Shaw has received is a stack of checks with no identifying information, no back-up documentation to establish that each check is actually related to a particular claim, no cost analysis to determine how labor charges were calculated in comparison to what labor charges were actually paid by Shaw, no customer or installation contracts or the like, all of which Shaw was entitled to request pursuant to the Notice of Final Settlement.

Shaw, as always, is committed to working with its dealers and to compensating them fairly for reasonable and legitimate claims. Flooring 101, however, has failed to demonstrate the existence of either reasonable or legitimate claims and has failed to comply with the terms of the settlement agreement. If, for purposes of compromise and settlement only, your client now wishes to accept the previously offered credits. I will inquire of Shaw as to whether it will still make them available.

Shaw declines to arbitrate, reserves all its legal rights and remedies, including its right to demonstrate that Flooring 101's claim is untimely and is brought in bad-faith and in violation of Business and Professions Code Section 17200, as we believe the evidence, the chronology and the facts clearly demonstrate.

Very truly yours,

Karen Wildau
For Powell Goldstein LLP

Ms. Angela V. Lopez
September 15, 2008
Page 4


cc:    Ms. Jessica Stock - ADR Services, Inc.
      Mr. Steve Ogletree
      Mr. Jeff Rogers


5235218/1